## Piper v. Adams Express Company, Appellant.

*Appeals—Motion for judgment n. o. v.—Sufficiency of evidence —Inferences from facts.*

1. In considering an appeal from the refusal of a motion for a judgment non obstante veredicto, the testimony must be viewed in a light most favorable to the party having the verdict so as to give him the benefit of every inference to be drawn therefrom.

*Negligence—Automobiles—Signals—Warning of approach—Necessity for—Overtaking other vehicle—Passing from rear—Sudden turn—City street—Turning to right—Act of July 7, 1913, P. L. 672, section 13—Construction—Particular circumstances.*

2. The provision of section 13, of the Act of July 7, 1913, P. L. 672, that every operator of a motor vehicle shall give reasonable warning of his approach by horn, bell or other signal "whenever necessary to insure the safety of other users of the highway" is merely declaratory of the common law. Whether a necessity for

signal exists in a particular case must depend upon the circumstances.

3. The provision of section 13, of the Act of July 7, 1913, P. L. 672, that, "when overtaken by any other vehicle legally traveling at a greater speed, the operator or driver of any motor vehicle, when signalled to do so, shall turn reasonably to the right of the center of the highway, allowing the other vehicle free passage to the\left," does not indicate an intention of the legislature to require that in all cases, regardless of the circumstances, the width of the highway, the position of the leading vehicle or the volume of traffic, a vehicle must turn to the left in passing another traveling in the same direction.

4. In the absence of express law or ordinance to the contrary, where the motor vehicle in advance, is traveling on the extreme left of the portion of the street allotted to vehicles going in that particular direction and ample space remains on the right free from obstruction, a driver who takes advantage of the open space and attempts to pass on the right cannot be held negligent as a matter of law, if in doing so he exercises such care as the circumstances require.

5. The question of defendant's negligence and plaintiff's contributory negligence in the operation of motor vehicles resulting in a collision are for the jury where it appears defendant's motor truck immediately before the accident was traveling near the center line of the street, leaving a clear space of about thirty feet on its right, when plaintiff's automobile approached from the rear, without signal, about half way between defendant's truck and the west curb, and while in the act of passing, and as the two cars were running side by side separated by a space of from five to ten feet, defendant's truck suddenly, without warning, turned to the right and collided with plaintiff's car, it appearing that the street at the time was not obstructed, and that so far as the testimony shows no other vehicles were in the immediate vicinity.

*Damages—Personal injuries—Loss of earning-power—Following same employment and receiving same salary—Character of injuries —Evidence—Sufficiency.*

6. The mere fact that an injured person receives the same salary in the same employment he followed before and since his injury does not preclude recovery of damages for loss of earning power, if the evidence justifies the conclusion that his earning-power had in fact been reduced as a result of the injury.

Argued March 12, 1918. Appeal, No. 223, Jan. T., 1917, by defendant, from judgment of C. P. No. 2,

Phila. Co., March, T., 1916, No. 2620, on verdict for plaintiff, in case of Ray D. Piper v. Adams Express Co.  Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Trespass for personal injuries.  Before ROGERS, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $7,500.  Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*Wm. A. Schnader,* with him *Thomas DeWitt Cuyler,* for appellant, cited: Wright v. Mitchell, 252 Pa. 325.

*Wm. H. Wilson* and *Francis M. McAdams,* for appellee.—The case is ruled by Yeager v. Anthracite Brewing Co., 259 Pa. 123.

OPINION BY MR. JUSTICE FRAZER, May 9, 1918:
This appeal, by defendant, is from a verdict and judgment for plaintiff in an action for personal injuries sustained by plaintiff in a collision between his automobile and defendant's motor truck.

With two companions, plaintiff was driving southward on Broad Street, Philadelphia, at 1:30 a. m.  The street is sixty-nine feet wide from curb to curb and according to city rules the east side is used for northbound traffic and the west for southbound.  Various witnesses testified that at the time of the accident defendant's truck, also southbound, was being driven at a speed ranging from 8 to 15 miles an hour, while plaintiff's speed was from 15 to 18 miles an hour.  A conflict of testimony in regard to the details of the accident exists between the driver of defendant's truck and another employee who was riding on the truck on the one hand, and the plaintiff and his two companions on the other; the

effect of the conflicting statements was to raise a question of fact for the jury and, as the verdict was for plaintiff, the only question for us to consider is whether sufficient evidence was adduced to sustain such finding, and in determining that question we must view the testimony in a light most favorable to plaintiff and give him the benefit of every inference to be drawn therefrom. According to the testimony of plaintiff and his witnesses defendant's truck immediately before the accident was traveling near the center line of the street, leaving a clear space of about thirty feet on its right, while defendant's witnesses admitted a distance of from fifteen to twenty feet between the truck and the curb.   Plaintiff approached from the rear without signal, about half way between defendant's truck and the curb; while in the act of passing, and as the two cars were running side by side, separated by a space of from five to ten feet, the truck suddenly, without warning, turned to the right and collided with plaintiff's car, coming in contact with it back of the front wheel, turning it over, and inflicting the injuries upon plaintiff for which this action was brought to recover compensation.   The street at the time was not obstructed and so far as the testimony shows no other vehicles were in the immediate vicinity.

The contention of defendant, in support of its argument for the entry of judgment non obstante veredicto, is that, assuming the driver suddenly turned the truck as described by plaintiff, this act was not negligence on his part in absence of evidence showing he was aware, or should have known of, the presence of plaintiff's car on his right; and further, as plaintiff approached without warning, the truck driver owed him no duty of signaling or otherwise notifying him of his intention to turn into and use a part of the street allotted to southbound traffic. Defendant further argued plaintiff was guilty of contributory negligence in attempting to pass to the right instead of the left without signaling his intention to do so.   Section 13, of the Act of July 7, 1913, P. L. 672, 679,

provides that every operator of a motor vehicle shall give reasonable warning of his approach by horn, bell or other signal "whenever necessary to insure the safety of other users of the highways." This provision is merely a statutory enactment of the duty imposed by the common law upon the driver of every such vehicle. Whether a necessity for signal exists in a particular case must depend upon the circumstances. The act further provides that, "When overtaken by any other vehicle legally traveling at a greater speed, the operator or driver of any motor vehicle, when signaled to do so, shall turn reasonably to the right of the center of the highway, allowing the other vehicle free passage to the left." There is nothing in this provision to indicate an intention of the legislature to require that in all cases, regardless of the circumstances, the width of the highway, the position of the leading vehicle or the volume of traffic, a vehicle must turn to the left in passing another traveling in the same direction. For example, on a wide boulevard such as Broad Street, Philadelphia, or where traffic is congested, such regulation might be unnecessary or even unreasonable and a serious hindrance or menace to traffic. In absence of express law or ordinance to the contrary, where the machine in advance, as in the present case, is traveling on the extreme left of the portion of the street allotted to vehicles going in that particular direction and ample space remains on the right free from obstruction, a driver who takes advantage of the open space and attempts to pass on the right cannot be held negligent as matter of law, if in doing so he exercises such care as the circumstances require.

A general rule relating to the use of highways in this State was laid down in Bolton v. Colder, 1 Watts 360, to the effect that a vehicle desiring to pass another traveling in the same direction may do so on either side if there is convenient room to pass; the court there further said the general rule of the road requiring vehicles moving in opposite directions to pass to the right was made

to avoid collision by reason of the confusion that might result from absence of a rule on the subject, and did not apply to vehicles traveling in the same direction. The question was again before the court in Wright v. Mitchell, 252 Pa. 325. In that case the trial judge charged it was the duty of the vehicle in the rear in overtaking another to pass to the left. In reversing judgment for defendant this court said (page 329), "Conceding it to be the duty generally of the driver of one vehicle, overtaking another vehicle, to pass to the left of the one in front, yet the circumstances of the particular case may be such as to justify him in passing to the right of the one which precedes him. Unless there is a statute or municipal regulation to the contrary, one overtaking and passing another may pass on either side, using proper caution, and keeping a safe distance behind when not passing. The leading team may travel anywhere it pleases, using however, due care: 37 Cyc. 272. It necessarily follows that if the leading team should use the left side of the highway, leaving insufficient space for the rear team to pass, the latter may pass to the right. If, for any other reason, such as the obstruction of the highway on the left of the leading team by other teams proceeding in the opposite direction, so as to prevent a passage to the left of the team in front, the rear team may, if there is sufficient space and it can be done by the exercise of proper care, pass to the right of the team in front. The general rule, therefore, that teams traveling in the same direction on a highway should pass each other to the left has its exceptions, and must be applied with reference to the circumstances of the particular case."

With these cases before us we cannot say, as matter of law, that plaintiff was guilty of contributory negligence in attempting, in view of the open space, to pass to the right of defendant's car; and for the same reason it cannot be said, as matter of law, under the particular circumstances of this case, that the driver of defendant's truck owed no duty to the driver of the car attempting so

to pass him from the rear. While the measure of the latter's duty must necessarily depend upon the conditions of traffic and other circumstances, no excuse was offered for what, on its face, seemed to be a careless act. Conceding his right to use any portion of the highway open to him and which circumstances, or his desires, may prompt him to use, his rights were necessarily subject to equal rights on the part of other users of the highway, and in passing from one side to the other he was bound to do so with proper regard to the rights and safety of others. Whether defendant's driver performed his duty in this respect was necessarily for the jury. Both vehicles were lawfully using the street and each was bound to do so with due consideration for the rights of the other: Baker v. Fehr, 97 Pa. 70. Whether, in view of the width of the space between defendant's truck and the right curb, plaintiff was justified in attempting to pass on that side, without warning of his approach, and whether defendant's driver, in view of the condition of the streeet and the traffic at the time, was negligent in not seeing plaintiff's car, which at the moment was running abreast with his own, or in making a sudden turn without anticipating the possibility of colliding with a vehicle that might be approaching in the open space from the rear, are questions that cannot be determined by the court as matter of law. Each was required to use the degree of care and caution an ordinarily careful driver would use under like circumstances and whether each performed his duty to the other in this respect was properly submitted to the jury.

The remaining question is whether the court was in error in permitting the jury to compensate plaintiff for loss of future earning-power. Plaintiff was sales manager for a company engaged in selling books and in connection with his duties had charge of from forty to sixty salesmen, located in various states, and over whom he was required to keep personal supervision by visiting them at different times, which duties necessitated con-

siderable traveling.  His average earnings in this occupation were approximately $12,000, yearly.  This compensation was in the way of commissions and was received after the accident in about the same amount as before.

Plaintiff sustained three broken ribs which caused internal adhesions, resulting in pain on exertion and difficulty in breathing, also fractures of the kneecaps, one of which failed to properly unite and was not as strong as previous to the accident.  While he has entirely recovered from other injuries sustained, yet, according to the testimony of his physicians, the injuries just referred to are of a permanent character and will be more or less troublesome and painful.  Plaintiff himself testified the injury to his chest interfered with his breathing, and that to his leg interfered with rapid locomotion and prevented him from ascending and descending stairs without pain and that one leg was smaller than the other.  Notwithstanding this evidence, defendant contends that, as plaintiff's earnings in the employment he followed before and since his injury have not decreased, the court committed error in permitting the jury to allow damages for loss of future earnings, this contention being based on the theory that loss of earning-power is represented by the difference between the earnings the injured person received previous to his injuries and what he subsequently received in the same employment.  This is not the correct rule.  The true basis of such claim is not for loss of earnings but loss of earning-power, occasioned by the injury, and the difference between earnings before and after the injury is merely an item of evidence to be considered by the jury in connection with other evidence in determining the extent, if any, the earning-power has been reduced: McLaughlin v. Corry City, 77 Pa. 109; Bockelcamp v. Lackawanna, etc., R. R. Co., 232 Pa. 66.  The fact that an injured person remains in the same position he occupied before his injury was received at the same salary

would be persuasive evidence tending to show his earning capacity had not been seriously impaired. The jury, however, may consider evidence showing his physical condition and the character of the work he performed both before and after the accident, and award damages for loss of his earning-power, if such evidence justifies the conclusion that such power had in fact been reduced as a result of the injury: Bockelcamp v. Lackawanna, etc., R. R. Co., supra; Yeager v. Anthracite Brewing Company, 259 Pa. 123.

The question was fully considered in the case last cited where it was said (pages 128, 129) : "The learned counsel for the appellant seemed to think, in view of the fact that the plaintiff's weekly wage was the same after as before the accident, the earning capacity of the plaintiff had not been diminished by reason of the injury, and, hence, he was not entitled to recover damages in this case. That is not the standard by which the plaintiff's future earning capacity should be tested; it is whether the power or capacity to earn has been diminished as a result of the injury: Leonhardt v. Green, 251 Pa. 579. The earnings of the plaintiff, subsequent to the injury, are, as compared with his earnings prior to the injury, evidence, but not conclusive, as to whether his earning-power has been diminished by reason of the injury resulting from the accident: McLaughlin v. Corry, 77 Pa. 109. There was evidence in the case that the plaintiff's strength was much impaired, and that he was permanently unable to do as much or as heavy work as before the accident. He may, therefore, as could have been found by the jury from this evidence, be compelled in the future to accept less remunerative employment than if he had not been injured. The fact that he was receiving at the time of the trial the same wage he had received previous to his injury was no assurance that in the future he would receive the same wage for similar employment, or that his injured condition would not compel

him to accept a much smaller remuneration for labor which he could perform."

The cases relied upon by appellant do not lay down a rule different from that announced in the cases above cited.    In Wallace v. Penna. R. R. Co., 195 Pa. 127, there was merely evidence of loss of revenue from plaintiff's business as a boarding-house keeper, and the jury was allowed to infer a diminution of plaintiff's earning-power from this fact, neither the cause of the falling off of business nor its effect upon the profits being shown. This court said (page 130) : "We are of the opinion that it was competent to show the profits of the plaintiff's business as a measure of her earning-power, but we are constrained to hold that there was not sufficient evidence on this subject to warrant its submission to the jury." In Bockelcamp v. Lackawannna, etc., R. R. Co., supra, the judgment of the lower court was reversed because of improper statements in the charge concerning the measure of damages; there is nothing, however, in the opinion to show the court considered the fact that earnings were the same after as before the accident was conclusive of the right of plaintiff to recover for loss of earning-power.    The decision is, in fact, directly to the contrary, as appears from the syllabus and from the opinion on page 71.    In Helmstetter v. Pittsburgh Rys. Co., 243 Pa. 422, the court said (pages 425, 426) : "Loss of earning power is only one of the elements of damage in cases of personal injury, but it is an element which must be fairly proved before an allowance can be made therefor."    That case turned upon the question whether the earnings of plaintiff in an occupation last followed, thirteen years previous to the accident, could be considered in determining loss of earning-power, the purpose being to show the earnings in that service were greater than those in the occupation plaintiff followed at the time of the accident, and in which he continued to receive the same salary following his injury.    This court held the admission of such evidence to be error for the reason it

was too remote and it was not shown what compensation plaintiff could have earned at the time of the accident had he been following his earlier vocation, or that such earnings would exceed those he was earning in his present employment. The conclusion that the evidence of loss of earning-power was insufficient to warrant submission of the case to the jury must be considered in view of the particular facts of the case and the question before the appellate court, and by so doing we find no apparent intention to change, in any way, the rule that decrease of earnings is not the only competent evidence of loss of earning capacity. Frysinger v. Phila. Rapid Transit Co., 249 Pa. 555, also turned on the question of remoteness of the evidence to show decrease of earning-power in a particular occupation followed by plaintiff for a period of two or three years before the accident, there being no evidence of an intention on plaintiff's part to resume her former employment, she being a married woman. We there held the trial judge left too much to conjecture in admitting such testimony though the court recognized the right of plaintiff to show decrease of earning capacity in an available occupation.

In view of the business of appellant requiring considerable traveling and, consequently, more or less physical exertion, and the testimony as to the nature of his injuries and their probable effect on his ability to perform the duties of his occupation in the future, there was evidence in this case from which the jury had the right to find a decrease in earning-power, notwithstanding the fact that plaintiff was at the time of the trial enjoying the same income he received previous to the accident.

The assignments of error are overruled and the judgment is affirmed.

NOTE.—Owing to an oversight the reporting of this opinion has been delayed until the present time.