Bonomo *v.* State Workmen's Insurance Fund et al.,
Appellants.

Argued December 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Ralph H. Behney,* and with him *A. L. Edwards,* Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellants.

*Roger J. Dever,* for appellee.

OPINION BY TREXLER, P. J., February 1, 1934:

The statement of question involved submitted by the appellant is, "where an employe suffered a permanent injury but, after a short period of total disability, returned to the same job and received the same wages as before the accident, is he entitled to recover workmen's compensation for partial disability while he continues in that employment and at that wage?" The court answered in the affirmative.

Bonomo, the plaintiff, was employed by Bazley as a common laborer. He suffered a fracture of the right leg on March 26, 1930. Compensation was paid pursuant to an agreement up to and including May 19, 1931. At that time, he returned to work for the same employer. On June 26, 1931, a petition was filed by the employer to terminate or suspend the compensation agreement, claimant having refused to give a final receipt.

The claimant has a shortening of his right leg of about an inch or an inch and a half and the limb is somewhat stiff at the knee. Since the claimant returned to work, with the exception of two weeks, he has received precisely the same wages that he received before he was injured. There is no doubt, and the appellant so admits, that the claimant is suffering from a condition which may at some future time reflect a loss of earning power, but the appellant claims that as long as the claimant receives the same wages as he did before the injury, he is entitled to nothing.

The Workmen's Compensation Board allowed compensation upon the theory that there was no evidence that claimant is actually *earning* the wages he is getting, inferring from the testimony, that the employer had favored this employe in the matter of wages, and that the workman is not able to do the same kind of work that he did at the time of his accident and that he would not be able to earn as much if he had to go

out in the open labor market. This statement of the board is substantiated by the testimony of the doctor who said that the man was unable to go out into the open labor market and do ordinary labor, but would have to perform such labor as did not require his full physical power to do it.

On appeal, the court sustained the view taken by the board. Referring to the testimony, Judge PALMER states in his opinion: "All of the testimony clearly established, indeed it was not contradicted, that the physical ability of the claimant had diminished as a result of the injury. It was positively asserted that the claimant had 'a permanent partial disability.'" Judge PALMER refers to certain cases which we think definitely decide the question before us.

In Piper v. Adams Express Co., 270 Pa. 54, 62 and 63, 113 A. 562, quoting Yeager v. Anthracite Brewing Co., 259 Pa. 123, 102 A. 418, our Supreme Court said:

"The question was fully considered in the case last cited where it was said (pages 128, 129): 'The learned counsel for the appellant seemed to think, in view of the fact that the plaintiff's weekly wage was the same after as before the accident, the earning capacity of the plaintiff had not been diminished by reason of the injury, and hence, he was not entitled to recover damages in this case. That is not the standard by which the plaintiff's future earning capacity should be tested; it is whether the power or capacity to earn has been diminished as a result of the injury: Leonhardt v. Green, 251 Pa. 579, 96 A. 1096. The earnings of the plaintiff, subsequent to the injury, are, as compared with his earnings prior to the injury, evidence, but not conclusive, as to whether his earning-power has been diminished by reason of the injury resulting from the accident: McLaughlin v. Corry, 77 Pa. 109. There was evidence in the case that the plaintiff's strength

was much impaired, and that he was permanently unable to do as much or as heavy work as before the accident. He may, therefore, as could have been found by the jury from this evidence, be compelled in the future to accept less remunerative employment than if he had not been injured. The fact that he was receiving at the time of the trial the same wage he had received previous to his injury was no assurance that in the future he would receive the same wage for similar employment, or that his injured condition would not compel him to accept a much smaller remuneration for labor which he could perform.' ''

This court in Johnson, Appellant, v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94, 98, said—"Both parties apparently proceeded on the theory that because, when he returned to work after his total disability ended on March 12, 1925, he received the same wages that he had received before the accident, there could be no award for partial disability, which was a mistake—whether of law or fact is immaterial—for that was to be decided on the basis of difference in earning power, not by mere reference to the wages received before and after the accident: Bausch v. Fidler, 277 Pa. 573, 121 A. 507; Piper v. Adams Express Co., 270 Pa. 54.'' These cases and the other cases therein cited are clearly decisive of the question submitted by the appellant.

The judgment is affirmed.