## Stillwell v. Philadelphia Storage Battery Co. et al.

*L. Wagner*, for claimant.

ALESSANDRONI, J., July 16, 1936.—The record in this case is remitted to the Workmen's Compensation Board for the purpose of taking additional testimony upon the impairment of the earning power of the claimant. The testimony shows that the claimant, since the injury, has received the uniform wages paid to his fellow employes in his several employments. While it is true as stated in Bonomo v. State Workmen's Insurance Fund et al., 111 Pa. Superior Ct. 402, that he is entitled to compensation for partial disability as a result of the injuries, even though he received the same wages as before the accident, it is likewise a fact that the record is bare of evidence of loss of earning power except for the evidence of physical impairment of the left hand, which while an element, is not sufficient of itself, particularly in view of the fact that he is receiving the uniform wage, to establish loss of earning power. The board has properly found that the method employed by the referee in arriving at the amount of compensation is not proper; that the difference between the amount the claimant received at the time of injury and the amount he received at the time of hearing was not the measure of his loss of earning power. Having so dismissed the reasoning of the referee, the board proceeds to determine the loss in earning power on the doctrine of "sound discretion" holding the claimant is entitled to 65 percent of $6.77 or $4.40

partial disability. The difference then between the conclusion reached by the referee and the board lies in the board's substitution of "sound discretion" to reach the same conclusion and figures as the referee found by the employment of an improper standard. We feel that there should be testimony beyond that of mere physical impairment to establish the actual loss of earning power either as an electric welder or in employment similar to that in which the accident occurred.