Cavanaugh *v.* Luckenbach Steamship Company, Appellant.

Argued October 21, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank R. Ambler,* for appellant.

*A. F. Barbieri,* for appellee.

OPINION BY PARKER, J., January 29, 1937:

In this workmen's compensation case the referee found for the defendant. The workmen's compensation board reversed the referee and found that the claimant, John J. Cavanaugh, as the result of an accident while in the course of his employment, suffered a partial disability to the extent of twenty-five per cent on and after September 6, 1934, and awarded compensation at the rate of $5.66 per week. The award was affirmed by a court of common pleas and the defendant has appealed to this court. The appellant contends that since the claimant received a higher hourly and daily wage since the accident than he received before and his weekly earnings have not been substantially reduced, he is not entitled to compensation. We do not agree with this contention.

The claimant, prior to June 12, 1934, was employed as a longshoreman performing the usual heavy labor incident to such employment. On that date he suffered an injury to his back which incapacitated him for doing any work and he was paid compensation for total disability until September 6, 1934. On September 8, 1934, he returned to work for the defendant and was assigned a lighter task of driving a gas jitney used by defendant in its business. This work was given to him because he could not perform the heavy labor which he had formerly done. About October 1, 1934, he attempted to do the heavy work but could not do so, and the trial resulted in his being laid up for two weeks. He then returned to driving a jitney and was so engaged up to and at the time of the hearing before the referee.

The board found from competent evidence that prior

to the accident claimant was paid 85 cents per hour for straight time and $1.20 per hour for overtime. After his return to work he was paid 95 cents per hour for straight time and $1.35 per hour for overtime. However, owing to not having employment at all times, he earned 36 cents per week less after the accident than before, although the scale of wages was increased in the interim.

The schedule for injuries resulting in disability partial in character, as fixed by §306 (b) of the Workmen's Compensation Act (77 PS 512), provides that the injured employee is entitled as compensation to sixty-five per centum of the difference between the wages of the employee at the time of the accident "and the earning power of the employe thereafter", but not more than $15 per week. To calculate the compensation to which an injured employee is entitled it is therefore necessary to determine two quantities, the wages paid before the accident and the earning power after the accident. Here there is not any dispute as to the wages paid the employee before his injury, and it is agreed that they amounted to $5.64 per day. It will be noted that the legislature fixed the second term in the equation not as the amount of wages actually received after the accident, but as the "earning power." This was done apparently by partial analogy to the rule fixing the amount of allowable damages in personal injury cases. In those actions the measure is the loss of earning power (*Piper v. Adams Express Co.*, 270 Pa. 54, 113 A. 562; *Yeager v. Anthracite Brewing Co.*, 259 Pa. 123, 102 A. 418; *Leonhardt v. Green*, 251 Pa. 579, 96 A. 1096), and as a consequence earning power before and after the accident furnishes the essential data. In compensation cases the first term is the actual earnings before the accident and the second term is earning power. When the Supreme Court was called upon to interpret the rule in compensation cases

in *Bausch v. Fidler*, 277 Pa. 573, 579, 121 A. 507, it was there said: "Earning power, under the statute, does not always depend upon the sum actually received, but on a consideration of all the elements that make it up or detract from it as defined or considered by the compensation act." Also, see *Johnson v. Jeddo Highland C. Co.*, 99 Pa. Superior Ct. 94, 98; *Telario v. Jeff. & Indiana C. Co.*, 105 Pa. Superior Ct. 305, 308, 161 A. 486; *Byerly v. Pawnee C. Co.*, 105 Pa. Superior Ct. 506, 509, 161 A. 460; *Carson v. Real Estate-Land T. & T. Co.*, 109 Pa. Superior Ct. 37, 41, 165 A. 677; *Bonomo v. State Wk's. Ins. Fund*, 111 Pa. Superior Ct. 402, 170 A. 428. The earnings received by a claimant in a compensation case after an accident, as compared with his earnings prior to the injury, and as affected by the injury, are evidence tending to show a change in earning power, but it is not conclusive evidence or necessarily the ultimate factor in measuring the loss for which he is entitled to be compensated. This is in accord with the rule applied in the common law personal injury cases to which we have referred and the decisions of the Supreme Court and this court in compensation cases.

There is sufficient evidence to support the finding of the workmen's compensation board that this claimant suffered a diminution of earning power. The physician called by the defendant admitted that the earning power of the claimant had been reduced by from 20 to 25 per cent, while claimant's physician fixed it at 75 per cent. This, taken with a description by the claimant himself of his physical condition and testimony as to the work he was fitted to perform, furnished a legitimate base for the conclusion of the board.

After the accident the claimant could not perform heavy work as he had formerly done, and his possible fields of labor were consequently limited. The wage earner's problem is not alone to receive a satisfactory

daily wage. To obtain reasonable earnings it is necessary to find steady employment. His capacity to fill different positions is an element in determining what his earning power in fact is. Claimant has no assurance that he may not at any time be required to secure other employment and, in so doing, he will be handicapped. This indicates a reduction in earning power. When the claimant was given employment after the accident by the defendant, he was favored by being assigned light work. He did not sell his services in an open market or under free competition, and the consequence is that the wages actually received were not satisfactory evidence of earning power. It was the duty of the fact finding body to take into account all these factors, including of course actual earnings or wages received, and then determine not what the loss in wages was but what, if any, was the loss in earning power as compared to the wages previously received and as affected by the accident. We also call attention to the fact that an employer, under such circumstances, might pay the injured employee his wages until after the period for filing a claim had passed. In that case, unless a portion of the wages was deemed the equivalent of the payment of compensation, he would, after the period for filing a claim had passed, be placed in an embarrassing position. Under the circumstances here shown, we cannot disturb the findings of fact by the board. They are the fact finding body and we are not, and there was sufficient evidence to support the findings made.

The judgment entered in this case was not in proper form. As we have pointed out in several cases, when an award is approved by a court of common pleas judgment must be entered for a definite amount. We therefore direct the court below to enter judgment for

a definite amount in accord with the rule laid down in *Graham v. Hillman C. & C. Co.,* 122 Pa. Superior Ct. 579, 586, 186 A. 400.

The judgment of the court, as modified, is affirmed.