Plum, Appellant, *v.* Hotel Washington et al.

Argued October 26, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*A. J. White Hutton,* for appellant.

*John McD. Sharpe,* for appellees.

OPINION BY PARKER, J., January 29, 1937:

This is a compensation case involving much the same situation as was presented in the case of *Cavanaugh v. Luckenbach Steamship Co.,* 125 Pa. Superior Ct. 275, 189 A. 789. An employee who returned to work for the same employer two months after an accident received the same or higher wages than he did before the accident. Does that fact alone, regardless of other facts in the case, deprive the employee of the right to receive compensation for partial disability?

The claimant was paid compensation for total disability until October 2, 1933, under an open agreement approved by the board. As a result of a petition presented to the board it had for determination the right of Theodore Plum to compensation for partial disability. It is now immaterial just how the question arose as there is only the one matter presented for our consideration. The referee and board awarded compensation for partial disability at the rate of $3.07 per week from October 2, 1933. On appeal to the common pleas court, it was held that since there was competent evidence to sustain the conclusion that claimant was partially disabled to the extent of 35 per cent, the award of compensation was proper, "but that the action of the Board in affirming the award of the referee that such compensation shall begin as of and including October 2, 1933, without modifying it is

error." The court then held: "The actual compensation should begin at such time as the earnings of the claimant became less than they were at the time of the accident." The court then made an order directing that the record be remitted to the board so that its award might be modified in accordance with that opinion. The claimant has appealed from this order.

As we pointed out in the Cavanaugh case, in determining the compensation for partial disability to which an employee is entitled under §306 (b) of the Workmen's Compensation Act, the amount of earnings actually received after an accident is evidence, but not conclusive evidence, helpful in determining what the earning power of the employee is at such time. We cannot ignore other competent evidence having a bearing on the question. It is therefore necessary to examine the record to determine what facts were shown.

The claimant, prior to August, 1930, had been a molder. At that time, due to the depression, he secured employment in the Hotel Washington in Franklin County as a potato peeler at $12.50 per week. Later he was assigned other duties which he continued to perform until August 7, 1935, when he suffered 'an accident while in the course of his employment with the defendant. The claimant described his work just prior to the accident as "fireman, pot washing and general kitchen man," and for all his services he was receiving $13.50 a week.

After the accident the claimant was paid weekly wages of $13.50 to $15. The physicians called as witnesses testified that as a result of the accident claimant had a permanent injury to his knee, traumatic arthritis and continuing inflammation in the joint which causes him pain, makes him limp and impairs the motion of the knee; that the injury was such that he could not return to the work of a molder or other work that required much stooping; and that his activity in any

line of employment is impaired. Two physicians stated that in their opinion his ability to do the kind of work that he had done for defendant was impaired from 35 to 45 per cent. The claimant testified that after the accident he did the same kind of work as before the accident but did not "get around as beforehand", that it took him longer to get his work done, and that his employer is now required to furnish him a helper when he gets behind with his work.

We recognize the fact that it is difficult to fix the exact percentage that earning power is diminished by an injury which causes only a partial disablement, but it is impossible to read the evidence without being convinced that there was sufficient proof to support a finding by the board that this man suffered some diminution of earning power. "There is something wrong about a judgment [order] which, under such circumstances, turns him out of court and relieves the insurance carrier of his employer from the payment of any additional compensation": *Krock v. Ballard Sprague and Co.,* 104 Pa. Superior Ct. 389, 392, 159 A. 191. If there was a loss as compared to the wages received before the accident it was for the board to fix the amount. Just as in the Cavanaugh case, the board drew a reasonable inference when they assumed that the defendant's wages were not reduced because his employer wished to favor him. That the employer has been indulgent does not mean that there has been no loss of earning power. While the claimant admitted that he performed the same kind of service for the defendant after the accident, he could not do as much work nor do it as well. And as in the Cavanaugh case, the door to other employment requiring turning, twisting and stooping has been closed to him. "Just how much one's earning power is reduced in a case of this character is difficult to fix. But it must be borne in mind that the same exactness of proof in a

compensation case is not required as in suits at common law": *Carson v. Real Estate-Land T. & T. Co.*, 109 Pa. Superior Ct. 37, 41, 165 A. 677. Also, see *Fink v. Sheldon Axle & Spring Co.*, 270 Pa. 476, 479, 113 A. 666.

In the leading case of *Bausch v. Fidler*, 277 Pa. 573, 579, 121 A. 507, Mr. Justice (now Chief Justice) KEPHART pointed out, in construing §306 (b) of the Workmen's Compensation Act, that "earning power, under the statute, does not always depend upon the sum actually received, but on a consideration of all the elements that make it up or detract from it." In *Johnson v. Jeddo Highland C. Co.*, 99 Pa. Superior Ct. 94, 98, Judge KELLER, speaking for this court, said: "Both parties apparently proceeded on the theory that because, when he returned to work after his total disability ended on March 12, 1925, he received the same wages that he had received before the accident, there could be no award for partial disability, which was a mistake—whether of law or fact is immaterial—for that was to be decided on the basis of difference in earning power, not by mere reference to the wages received before and after the accident." The rule laid down in *Bausch v. Fidler*, supra, was followed by us in *Carson v. Real Estate-Land T. & T. Co.*, supra, and in *Bonomo v. State Wk's. Ins. Fund*, 111 Pa. Superior Ct. 402, 405, 170 A. 428. It follows that if the record contains evidence which, when read with that in relation to earnings actually received, supports the finding of fact that there has been a diminution of earning power of 35 per cent, then the award of the board must be sustained.

The court below agreed that the evidence would support the finding of loss of earning power but held that the right to compensation did not begin to run until the earnings were actually less than before the accident. This negatives all that has been said by both

of the appellate courts of this state. The difficulty with the final conclusion of the court below is that it is at variance with the plain words of the statute that a claimant shall be paid compensation "during the period of such partial disability." The claimant was either partially disabled or he was not. When it was determined that partial disability existed, as the court below conceded, then the claimant was entitled to be compensated. Another effect of the ruling of the court below is to hold that this claimant is not now entitled to be compensated but that he will be entitled to be compensated at some future date. If he is not entitled to present compensation, then there is no authority for making any award.

We are of the opinion that there was sufficient evidence to support the finding of partial disability and that it was for the fact finding body, the board, to determine the amount of such disability. To avoid repetition we refer to what we have said in the Cavanaugh case. The judgment must therefore be reversed. We have recently, in the case of *Graham v. Hillman C. & C. Co.,* 122 Pa. Superior Ct. 579, 586, 186 A. 400, discussed how the judgment to be entered should be calculated.

Order reversed and it is directed that judgment be entered for the plaintiff for a specific amount in accordance with the finding of the workmen's compensation board.

CONCURRING OPINION BY CUNNINGHAM, J.:

Under the facts found by the compensation authorities in this case, I concur in the conclusion reached by the majority, but think the opinion does not go far enough. Some guidance should be given referees and the board for cases in which it appears an employee is receiving wages equal to, or higher than, those he was receiving at the time of the accident, having re-

gard to changes in wage scales and other relevant considerations.

As the compensation authorized by Section 306 (b) of the statute is intended to take the place of wages lost during the time an employee's earning power is impaired by an accidental injury, and as the second paragraph of Section 413 expressly provides, inter alia, for the suspension of an original or supplemental agreement, or an award, when justified by existing conditions, I am of opinion the compensation authorities should determine, under the facts in each case, whether the claimant is actually earning the wages he is receiving. If so, then, although he may still have a physical impairment, he is not entitled to compensation for the period during which he earns such wages. On the other hand, if he does not actually earn such wages, and could not earn them on the open market, but is receiving them merely because his employer sees fit to pay them, he is entitled to compensation in addition to his wages.

BALDRIGE, J., joins in this opinion.