## Weinstock, Appellant, *v.* United Cigar Stores Company et al.

Argued March 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Milton H. Belber,* of *Spiegel & Belber,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY HIRT, J., October 17, 1939:

Both the referee and the board in this workmen's compensation case, on the finding of partial disability awarded compensation notwithstanding the fact that claimant's wages were actually increased after the accident. The court below, on appeal, remitted the record to the board "with instructions to suspend the award made, until such time as claimant's earning power appears to have been diminished." The question of the authority of the common pleas, under the compensation act, to make such order need not be considered, for on the facts of this case claimant is entitled to receive the compensation awarded him.

Claimant had been in the employ of defendant for upwards of 24 years as District Sales Manager. On August 4, 1935, he was representing his employer in

supervising a picnic given by the defendant for the benefit of its employees. While so acting, he slipped and fell and fractured the upper end of the tibia of the left leg. The fracture involved the joint so that it was thrown out of line resulting in "a knock-kneed deformity." He was unable to return to work until the following January. The injury in the knee joint according to the medical testimony, is permanent and the disability will become progressive and is accompanied by pain on throwing weight upon the injured member in standing or walking about except for short periods. Claimant wears a brace which lessens his discomfort to some extent but the brace does not remove the effects of his disability.

Claimant's duties as a sales manager required him to supervise fourteen retail stores in Philadelphia, one in Camden and one in Atlantic City. Before his injury he visited four or five stores daily, inspecting stock and instructing the salesmen on methods of greater sales efficiency. He also performed other duties relating to the proper conduct of these stores. Before the injury he was able to do this supervisory work alone. Since he returned to work his employer has provided him with an assistant. The undisputed testimony is that since the accident his physical limitations have prevented him from visiting more than one or two stores daily, and more of his time is spent in the district office, though his duties are the same. Before the injury he was paid at the rate of $3,000 a year and he received his salary in full after the injury, during the period that he was totally disabled. On his return to work in January 1936 his annual salary was actually increased to $3,400. What he received while he was unable to perform any services and his salary since he returned to work were not paid to him in lieu of compensation.

Defendant insurance carrier relies upon *Sayre v.*

*Textile Mach. Wks.,* 129 Pa. Superior Ct. 520, 195 A. 786. Though that case and the case under consideration in this appeal have some elements in common, yet there are material distinguishing differences. In the Sayre case it is recognized that each case must be decided upon its own facts and that there is no general rule of universal application. "Prior decisions are controlling only when the facts are substantially identical and the issues arose in a similar way." In that case the question was raised after more than four years of continued employment at a higher wage and then in a proceeding to set aside a final receipt. And the ultimate conclusion there, that claimant suffered no loss of earning power, was based upon the fact that he actually *earned the increased wages which he received.*

Here, the finding of thirty per cent permanent disability is supported by sufficient competent evidence, and the fact that this claimant required an assistant after the injury to do the same work that he performed before is impressive evidence of impaired earning power: *Conley v. Allegheny County,* 131 Pa. Superior Ct. 236, 200 A. 287. And though there is no direct testimony on the subject, yet the circumstances support the conclusion that part of the wages was paid claimant in appreciation of long services in the employ of defendant or for some other like reason, in the nature of a gratuity, and not as salary wholly earned. "Earning power is not to be determined solely by ascertaining the amount of wages an employee received after be sustained an injury. ...... In many instances, wages actually received are unsatisfactory evidence of earning power. The insured person may be especially favored, ...... The proper test to be applied in determining whether the power to earn has been diminished is a claimant's ability to earn wages in any kind of employment": *Henry v. Pitts. Rys. Co.,* 131 Pa. Su-

perior Ct. 252, 200 A. 294. "Earning power is to be determined not only by taking into account the actual amount of wages an employee receives following an injury, but also by considering the other elements affecting his earning power. These include (1) the character and extent of his physical injury or disability; (2) his productivity or efficiency in the same employment as compared to what it was immediately prior to the injury; and (3) his ability to earn wages in any kind of employment for which he is fitted": *Bispels v. Shoemaker,* 133 Pa. Superior Ct. 117, 2 A. 2d, 35. The earnings of a claimant after an accident, as compared with his former earnings, are but evidence of a change of earning power but are not conclusive of the matter: *Cavanaugh v. Luckenbach SS. Co.,* 125 Pa. Superior Ct., 275, 189 A. 789; *Plum v. Hotel Washington,* 125 Pa. Superior Ct. 280, 189 A. 792.

The board in this case drew a reasonable inference from the testimony that the wages received after the accident were not wholly earned and were not reduced to reflect the loss of earning power only because of the indulgence of the employer. Therefore, on the above authorities, distinguishing this appeal from those represented by the Sayre case, claimant is entitled to compensation.

Order reversed and it is directed that judgment be entered for claimant for a specific amount in accordance with the findings of the Workmen's Compensation Board.