# Byrne, Appellant, *v.* Progress Plate Making Company.

Submitted March 14, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Paul Maloney* and *Evans, Bayard & Frick,* for appellant.

*George H. Detweiler,* for appellees.

OPINION BY HIRT, J., July 19, 1945:

Claimant, in a former proceeding, was awarded compensation for total disability. On appeal to the common pleas, judgment was entered on the award on February 18, 1943. There was no appeal to us from that judgment. But, five days after its entry, defendant employer petitioned for an order terminating compensation on the ground that all disability had ended on June 6, 1942. Since that date claimant has been continuously employed by Standard Pressed Steel Company. Both the referee and the board refused to terminate compensation, but (under §413 of the Compensation Act of 1915, as amended, 77 PS 771), on a finding of 40% partial disability, modified the award by reducing it accordingly, as of June 6, 1942. On appeal to the common pleas the court, in effect, affirmed. Claimant, here, contends that defendant employer has not met the burden upon it of proving that his disability has been reduced from total to partial.

The business of defendant employer was the manufacture of stereotype plates containing a high percentage of lead. From exposure in his employment, over a period of years, claimant suffered a cerebral thrombosis as a result of chronic lead poisoning. He quit his work on April 6, 1939, because of disability. Two days later there was a physical collapse, followed by loss of speech and complete paralysis of the right side of the body, the right arm and right leg. Claimant thereafter, for a time, was mentally and physically incapable of doing any work. But at the hearing in this proceeding his own medical testimony was that there has been "a remarkable readjustment." Because of cerebral lesion, although claimant's mind is clear, his speech is still slow from an inability to find words readily, and he is easily disturbed, emotionally. The medical testimony is to the effect that claimant cannot hold a position calling for finger manipulation or the finer movements of the right hand, nor one requiring him to be on his feet for long periods, and that he cannot do work involving intensive sustained mental strain. But all of the testimony is to the effect that he is no longer totally disabled and is consistent with the finding of the referee and the board that "claimant's total disability decreased to 40% partial disability June 6, 1942, which disability has continued to the present . . ."

Claimant has demonstrated that he can do selective work and such employment has been open to him. Cf. *Babcock v. Babcock & Wilcox Co.,* 137 Pa. Superior Ct. 517, 9 A. 2d 492. In his present employment he works, with overtime, about 53 hours each week. His duties involve measuring the time of various machine operations with a stop watch. He is on his feet about one-half of the time; his remaining work is at his desk compiling data from which piece-work wages are computed. He receives a weekly wage of $50 or more. His prior weekly earnings with defendant employer were $23.

The fact that claimant is earning more than he did before he was disabled is not inconsistent with an award for partial disability under the circumstances. Wages, under the applicable amendment equal to or in excess of earnings prior to disability are evidence against loss of earning power but they are not conclusive of the question. *Hite v. Rockhill Coal Co.,* 151 Pa. Superior Ct. 284, 30 A. 2d 212. Claimant owes his opportunity for employment at higher wages, not to sentimental considerations as in *Weinstock v. United Cigar Stores Co.,* 137 Pa. Superior Ct. 128, 8 A. 2d 799, but to the shortage of available man-power. The evidence is that he would be able to earn much more under present conditions if not disabled. On the other hand, although the Steel Company would not employ claimant at all, but for the abnormal and transitory circumstances attending the war emergency, he cannot be said to be totally disabled while earning upwards of $200 per month.

Claimant is entitled to payments on the reduced award without suspension. His total disability began in April 1939 and his right to compensation is governed by the Act of July 2, 1937, P. L. 2714. The Occupational Disease Act of June 21, 1939, did not become effective until October 1, 1939. The 1937 Act does not contain the provision of §306(b) of the 1939 Occupational Disease Act, to the effect that earning power following compensable disability may not be less than the wages which an employee subsequently receives. 77 PS 1406. The holding of *Scipani v. Pressed Steel Car Co.,* 150 Pa. Superior Ct. 410, 28 A. 2d 502, therefore, has no bearing on the present proceeding.

The judgment is affirmed.