# Braden *v.* Cook, Appellant.

*Practice, C. P.— Trial—Points.*

A point of law which assumes the existence of facts which are disputed is properly refused.

*Execution—Sheriff's sale—Notice of levy.*

In an action to recover the value of three boats which the plaintiff claimed were his property and which the defendants claimed as purchasers at a sheriff's sale, a judgment and verdict for plaintiff will be sustained where the evidence for the plaintiff, although contradicted, tends to show that no notice had been given to him that the boats were to be sold, or that they were included in the levy.

Argued April 8, 1901.   Appeal, No. 37, April T., 1901, by

defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 303, on verdict for plaintiff in case of A. R. Braden v. J. W. Cook, A. Wayne Cook and Jacob H. Cook, partners as A. Cook · & Sons. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover the value of three boats. Before FRAZER, J.

The facts appear by the opinion of the Superior Court.

The court charged in part as follows :

[Mr. Braden knew of the sale ; there is no doubt about that. But did he know that these boats were levied on ? If, as Mr. Dewalt says, he was informed of the levy and was advised that he had better come there if he had any claim upon the boats and give notice on the day of the sale, it was his duty either to notify the sheriff before the sale, or to be present at the sale and notify bidders ; and if he failed to do that, then by his own laches or negligence he cannot recover in this case, and your verdict must be for the defendants. But if he went there and was told that these boats were not levied upon, read the bill of sale and found that they were not on the bill of sale and acted upon that, he would be relieved from giving notice.] [2]

Defendant's points were among others as follows :

4. Aside from the testimony of the vendees as to the acceptance of the property, acceptance may be inferred from acts of the buyer indicating ownership, as making use of the property, changing its condition, etc. In this case the fact that Blythe & Company put the boats in question upon the docks, had them repaired and paid for such repairs is strong evidence of their acceptance. *Answer :* The fourth point is refused and need not be read. [1]

7. That under all the evidence the verdict must be for the defendants. *Answer :* That point is refused. It is for the jury to say whether or not the verdict shall be for the defendants under all the evidence. [3]

*W. H. S. Thompson,* with him *L. B. D. Reese,* for appellant.

*Levi Bird Duff,* for appellee.

OPINION BY W. D. PORTER, J., July 25, 1901:

The plaintiff brought an action of assumpsit to recover the value of three boats, which he alleged were his property and had been wrongfully taken by the defendant, from the landing of Blythe & Company on the Monongahela river where they were moored. The defendant claimed title under a sale by the sheriff upon an execution against Blythe & Company. It was undisputed that the boats had been the property of the plaintiff. There were practically two questions in dispute at the trial: had the plaintiff sold and delivered the boats to Blythe? or, if he had not done so, had his conduct been such as to estop him from asserting title as against the purchaser at the sale by the sheriff? The plaintiff had entered into a contract with Blythe & Company to sell ten boats then moored at various landings on the Allegheny and Monongahela rivers. Through some mistake of the parties who had charge of three of the boats other boats than those contracted for were sent to the landing of Blythe & Company. Blythe & Company accepted and settled for seven of the boats, but refused to accept three of them upon the ground that they were not the boats which they had agreed to buy, and so notified the plaintiff. There was a conflict of testimony as to whether Blythe & Company had subsequently accepted the boats, or had persisted in their refusal. The fourth point submitted by the defendants, the refusal of which is the subject of the first assignment of error, had reference to the effect to be given the conduct of the purchasers, subsequent to their rejection of the boats, in determining this disputed question of fact. The soundness of the abstract principle of law embodied in the point cannot be questioned, but it assumed as undisputed facts, matters which were to be determined by the jury under the evidence. It may be conceded that the weight of the evidence established that Blythe & Company had caused the boats to be docked, yet there was testimony which might have sustained a finding that two of the boats had not been docked. William Weigel, who subsequently bought the boats from the defendants, testified in a manner which certainly made that fact questionable. The point further assumed that Blythe & Company had paid for the repairs, while the weight of the evidence was the other way. There was no error in refusing to charge as requested: Kroegher v. McConway, 149 Pa. 444;

Jacoby v. North British, etc., Insurance Co., 10 Pa. Superior Ct. 366 ; Smith v. Arsenal Bank, 104 Pa. 518 ; Carey v. Buckley, 192 Pa. 276.

The second assignment of error complains of the language of the court in defining to the jury the duty of the plaintiff to give notice, in case he had become aware that his boats had been levied upon by the sheriff under an execution against Blythe & Company. The instruction is to be read with reference to the evidence which had been submitted as to the facts which had a bearing on this question. The plaintiff had heard that an execution had been issued against Blythe & Company, but there was no evidence which would have warranted a finding that he had any reason to believe that his boats had been levied upon, until he actually visited Blythe's landing. The only evidence which would have warranted a finding that it then became known to him, that his boats were included in the levy, is to be found in the testimony of Dewalt. Dewalt, who represented the sheriff and was in charge of the property levied upon, testified that he informed plaintiff that the boats were included in the levy and advised him that he had better attend the sale and give notice of this claim. The court said to the jury that if they believed this, and the plaintiff failed to so act, then the verdict must be for the defendants. The plaintiff testified, and was to some extent corroborated by other witnesses, that Dewalt told him that the boats were not included in the levy, and that he, the plaintiff, read the sheriff's notice of sale posted upon the premises and that the boats were not included therein. If this was true then, there being no other fact established by evidence which ought to have indicated to the plaintiff that there was any probability of his boats being sold by the sheriff, he was not required to attend the sale for the purpose of giving notice of his title; and the court below committed no error in so instructing the jury. The owner of boats moored in a river is not bound to attend every sheriff's sale of property along the stream, of which he may hear, unless he knows or ought to have known that an attempt will be made to sell his property.

The rights of the parties were dependent upon disputed facts, and to withdraw the case from the jury would have been error. The third assignment of error is dismissed.

The judgment is affirmed.