## Leonhardt *v.* Green, Appellant.

*Negligence—Measure of damages—Charge.*

1. Damages are not to be measured by the actual difference in earnings before and after an injury.

2. The test is whether or not the capacity to earn has been diminished as a result of the injury.

3. It is not good practice to make oral requests for charge. The precise instructions desired should be submitted in writing.

Argued Oct. 14, 1915. Appeal, No. 149, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 2591, on verdict for plaintiff, in case of George A. Leonhardt v. James F. Green. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROWN, J.

The opinion of the Supreme Court states the facts.:

Verdict for plaintiff for $3,000.00 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v. and instructions to the jury.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.

*William Hunter,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

In this case the defendant was charged with negligence in the operation of his automobile, whereby the plaintiff was struck while crossing the street, and seriously injured. The evidence was conflicting, as to the

facts of the accident, so that the questions of defendant's negligence and plaintiff's contributory negligence were necessarily for the jury. The verdict must be accepted as establishing negligence upon the part of defendant, and further that the conduct of plaintiff did not contribute to the happening of the accident. Counsel for appellant urge, however, that in submitting these questions of fact to the jury, they were not adequately instructed as to what, under the circumstances, constituted the proper measure of damages. It is contended that as the case was submitted the difference between the amount actually earned by plaintiff before and after the accident may have been used to measure the amount of damages, instead of taking as the test, the resulting decrease in the ability of plaintiff to earn. With this suggestion in mind, we have carefully examined the entire charge. It appears that the trial judge called attention to the testimony of the doctors, and to the opinions they expressed, that the injuries to plaintiff were not of a permanent character, and that he would likely be restored to normal working ability in the near future. The court further indicated that the opinions of the doctors were not to be regarded as evidence of inability of plaintiff to do such work as he had formerly done. Evidence had been introduced showing the difference between the amount which plaintiff was actually earning before and after the accident, but at the close of the charge, counsel for defendant asked the court to charge the jury explicitly that this difference in actual receipts was not to be taken as measuring the difference in earning capacity, but that only the effect of the injury upon the ability of plaintiff to earn should be considered. The request was proper, and should have been definitely affirmed; but it was made orally and was coupled with another somewhat complicated request for modification of the charge as to the degree of care required to be exercised by defendant at the place where the accident occurred. In answering one of the two requests, the trial

judge apparently lost sight of the other, and counsel did not remind him of the omission. It would have been better practice for counsel to have reduced the statement of the instruction desired, to the form of a written point, presenting precisely what was wanted. In the shape of a written request for charge, it would not have been overlooked. If, however, as we must assume from the verdict, the injury to the plaintiff was due to the negligence of the defendant, the amount of the verdict is not excessive, considering the extent of the injuries. Nor does it indicate that the jury, in estimating the damages, gave undue significance to the difference in the amount of actual earnings before the accident, and those received afterwards. The evidence tended to show that plaintiff, as a contracting teamster, earned, prior to his injury, about $120.00 net per month. That the accident resulted in an injury to his left wrist, and in a fracture of one of the bones of his left leg. That, as a result, he was confined to the hospital for nine weeks, and went about on crutches for six additional weeks. That he had continued to suffer pain, and though retained in the service of his former employer, he was unable to do the work which he had formerly done, and that his earning capacity was reduced. It is true that the failure of the trial judge to instruct the jury more definitely upon the point, which was brought to his attention, was a slip, the result no doubt of inadvertence. But our review of the entire record leads us to the conclusion that, in so far as fixing the amount of the verdict was concerned, this slip could not have worked any substantial injustice to the defendant, and that it did not therefore, under the circumstances, amount to reversible error.

The assignments of error are overruled, and the judgment is affirmed.