## Gallagher et al., Appellants, *v.* Hildebrand.

*Negligence—Evidence—Harmless error—Charge.*

1. Where a jury frees a defendant of the charge of negligent conduct producing injury, erroneous admissions of evidence respecting questions of damage or incidents relating thereto, or erroneous instructions based thereon, are immaterial unless they palpably prejudice the jury on the main issue.

2. In an automobile accident case, it is not reversible error for the trial judge to say in his charge that it would be "monstrous injustice" to award compensation at the expense of one who is in no way responsible for an accident; and especially is this so where the judge also says that if the defendant ran the boy down it would be "outrageous, if not criminal."

3. A plaintiff in a negligence case cannot successfully complain that the court unduly stressed the defendant's evidence, if it appears that the court gave a correct résumé of the evidence, and that the impression produced was due to the fact that the evidence exhibited a much stronger case for defendant than for plaintiff.

Argued November 30, 1925.  Appeal, No. 374, Jan. T., 1925, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., March T., 1922, No. 1303, on verdict for defendant, in case of Joseph M. Gallagher, by his mother and next friend, Bridget Gallagher, and Bridget Gallagher, in her own right, v. Charles C. Hildebrand.  Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before FINLETTER, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.  Plaintiffs appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Henry J. Scott,* with him *Harry E. Apeler,* for appellants.

*S. S. Herman,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 4, 1926:

Appellant sued to recover for injuries sustained by her son Joseph M. Gallagher caused by a collision between a bicycle on which he was riding and appellee's automobile, on a road from Atlantic City.

The primary issue of the action was appellee's negligence and whether it was the sole cause of the injury, unaided by any neglect on the part of the boy.  These questions, submitted to the jury, were determined in appellee's favor.  All other questions based on causal liability, since they are the direct result thereof, disappear and are of no consequence to the litigation when the primary issue is held not to exist.  Examples of such secondary matters are, the injury to the physical structure, pain and suffering, loss of earning power, loss of companionship, costs incurred in medical attention and other

sundry elements which help to make up such law suits. It follows, therefore, when the jury frees a defendant of the charge of negligent conduct producing injury, erroneous admissions of evidence respecting questions of damage or incidents relating thereto, or erroneous instructions based thereon, are immaterial unless they palpably prejudice the jury on the main issue.

The court below may have committed error in admitting evidence in relation to an hereditary tendency to hernia, and in the charge to the jury regarding it; also on the law as to damages. The jury having found no causal connection between appellee's conduct and the accident, these matters were in no sense prejudicial to the main question and are now of no importance. The assignments of error based on such erroneous admission of evidence and the charge of the court in relation thereto and as to damages, are dismissed.

Appellant complains that the court below unduly stressed appellee's testimony. The charge was a correct résumé of all the evidence and we may consider only the record before us. Appellant's misfortune is that the evidence exhibited a much stronger case for defendant than for plaintiff, and, if it created an impession in defendant's favor, it was because the testimony warranted it. The jury undoubtedly took into consideration the story of the boy, who, though accompanied by a number of boy companions, was not corroborated, while appellee's story was supported by three disinterested witnesses. To award compensation at the expense of one who is in no way responsible for an accident would be a "monstrous injustice" as stated by the court below. Appellant is aggrieved at the use of these words but it is to be noted this remark followed another statement by the learned judge wherein the jury was instructed, that, if the appellee ran the boy down, it would be "outrageous if not criminal."

Judgment affirmed.