# Boley and Boley *v.* Borough of Glassport, Appellant.

*Negligence—Boroughs—Defect in borough street—Personal injuries—Evidence—Contributory negligence—Burden of proof.*

In an action of trespass to recover damages for personal injuries it appeared that plaintiff, while walking along a street in defendant borough, stepped into a hole about 9 inches deep and 2 feet wide and sustained a serious injury to her knee. It also appeared that the street was paved between the curbs and there were no sidewalks, and that the pedestrians used the pavement. At the time of the accident several inches of snow covered the ground and, according to plaintiff's evidence, the hole was filled with snow, because of which she did not see the defect in the street. It appeared, without contradiction, that the Burgess had notice that the hole had been there for several months prior to the accident.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

In such case it is not the obligation of the plaintiff to affirmatively disprove negligence. If plaintiff makes out a case of injury resulting from the defendant's negligence, without disclosing negligence on her part she establishes her right to appeal to the jury.

The contributory negligence which will put the plaintiff out of court must clearly appear in the evidence in support of the action. If the evidence in the case be contradictory or inferences may be drawn favorable to the plaintiff neither non-suit nor judgment non obstante veredicto is authorized.

Argued April 28, 1927. Appeals Nos. 137 and 138, April T., 1927, by defendant from judgment of C. P. Allegheny County, January T., 1923, No. 3016, in the case of Annie K. Boley and James Boley, her husband v. Borough of Glassport. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE and SWEARINGEN, JJ.

The facts are stated in the opinion of the Superior Court.

Verdicts in the sum of $1,887 for James Boley and $600 for his wife and judgment thereon. Defendant appealed.

*Errors assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto and for a new trial.

*Cyrus A. Davis,* and with him *Eckles & Davis,* for appellant.

*Meredith R. Marshall,* and with him *Clyde F. Young,* for appellee.

OPINION BY HENDERSON, J., July 8, 1927:

The plaintiff, Annie K. Boley, stepped into a hole

in the brick pavement on Sixth Street in the Borough
of Glassport and in falling sustained a serious injury
to her knee. The accident occurred on the 22d of Feb-
ruary, 1921, at about five o'clock in the evening. The
street was paved between the curbs, but there were no
sidewalks; pedestrians using the street therefore
walked on the pavement. There was a "rather sharp"
downward grade in the direction Mrs. Boley had taken.
She was accompanied by her daughter, a young woman.
They were going to work at a place where Mrs. Boley
was employed and were walking near the curb at their
right. The hole referred to was about nine inches deep
and about two feet wide. The pavement had settled
there because the street had been opened the fall before
by a gas company to lay a gas main along the street.
Two or three inches of snow covered the ground, and
as stated in the plaintiff's evidence, the hole was filled
with snow because of which she did not see the defect
in the pavement. She passed down and up the street
frequently, but had been in the habit of crossing from
her home to the other side of the street in going down
because in so doing she faced the traffic moving toward
her. She was corroborated by her daughter who picked
her up when she fell and the nature of her injury
was not disputed. Her occupation was that of
a janitress. She took care of some offices; a con-
siderable part of her work being the scrubbing of floors
which she accomplished on her knees. The injury dis-
qualified her for such service and disabled her to the
extent that for the succeeding years she has not been
able to pursue her calling. She has a husband who is
an invalid whom she supported by her work outside
and her housework. The presence of the hole in the
street was admitted and it appeared without contra-
diction that the Burgess had notice that it had been
there for several months. The position taken by the
defendant at the trial was that Mrs. Boley was charge-

able with contributory negligence in that she failed to
walk on the other side of the street as she customarily
did which was concededly a safe way, and that having
traveled the road for a long time, she is presumed to
have known of the existence of the hole and to be
chargeable with the duty to avoid it.  For this reason
the defendant asked for binding instructions for the
defendant and, after the verdict, for judgment non
obstante veredicto, both of which requests were re-
fused.  This action of the court is made the subject of
the first and second assignments. A careful examination
of the evidence clearly shows that it would have been
error to sustain either of these requests.  The contrib-
utory negligence which will put the plaintiff out of
court must clearly appear in the evidence in support
of the action.  If the evidence in the case be contra-
dictory or inferences may be drawn favorable to the
plaintiff neither nonsuit nor judgment non obstante
veredicto is authorized.  It was not the obligation of
the plaintiff to affirmatively disprove negligence.  If
she made out a case of injury resulting from the de-
fendant's negligence without disclosing negligence on
her own part, she established her right to appeal to the
jury.  There is no warrant for holding that in going to
her place of work she should have crossed the street to
the other side as she usually did instead of remaining
on the side nearest her home.  Her reason for going
on the other side was not because of the structure of
the street, but related to her safety with reference to
automobiles.  All parts of the street were used by
drivers of vehicles and by pedestrians and while it
appeared that the street was not as smooth on the side
where Mrs. Boley was hurt as the other, the roughness
referred to had no relation to the safety of pedestrians
or to the defect which caused the plaintiff's hurt.
When she testified that the hole was not apparent to
her because it was filled with snow at a time when

the whole street was covered by snow, her statement could not be discredited by the court and disregarded in the entry of a judgment against her. The evidence was not unreasonable; it was corroborated by her daughter and not contradicted by anyone. It was growing dusk, the witness was late in getting to her work and was walking rapidly on what seemed to be a safe pathway. If her story is true, she is free from the imputation of negligence and the jury has certified to her credibility by the verdict.

It is further contended that the court erred in not granting a new trial for the reason that the verdict was against the evidence. As we have already seen there was no defense against the action except the alleged contributory negligence and that cannot be found in the testimony. It is also contended that the verdict was excessive. As Mrs. Boley received a serious injury from which she was suffering at the time the case was tried more than five years after the accident, it is not apparent that the jury was indulgent in her favor. The verdict for her husband was supported not only by evidence of her earning capacity, but by proof of wages received for several years before she was hurt. According to her testimony she was earning nearly $700 a year before the injury and the character and recompense of employment was shown without contradiction. The amount recovered by the husband was much less than his wife would have earned without taking consideration of loss of companionship and service as a housekeeper. There was competent evidence therefore to support the verdict.

The charge of the court is criticised because of the omission to direct the attention of the jury to the necessity of estimating the present worth of future damages. If it be conceded that the subject was not properly presented to the jury by the court, the appellant has no ground for complaint for the jury evidently took no

account of future disability. The verdict is a moderate allowance for the loss which the evidence showed the plaintiffs had sustained up to the date of the trial. It is of course only the compensation for injury to be sustained in the future which is to be capitalized and that feature of the case was evidently not taken into consideration by the jury.

The assignments are overruled and the judgment affirmed.