Santercangelo *v.* Del Pizzo et ux., Appellants.

Argued April 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Thomas Hoffman,* for appellants.

*William L. Jacob,* for appellee.

OPINION BY RHODES, J., July 15, 1937:

The plaintiff, Raffele Santercangelo, brought this action in assumpsit against defendants, Benedetto Del Pizzo and Mary F. Del Pizzo, his wife, to recover the sum of $2,100. Plaintiff averred in his pleadings that he deposited $150 with defendants in October, 1929, to be returned on demand; that he loaned defendants $200 on December 30, 1931, and $150 on May 15, 1933, said loans to be repaid on demand; that defendants took from his bank account, without any knowledge on his part of the transactions, three sums, to wit: $100 on January 20, 1932; $1,250 on February 15, 1932; $250 on October 13, 1932; that defendants, after demand, refused to repay or return any of the aforesaid sums. Defendants in their affidavit of defense denied that they were indebted to plaintiff in any amount whatsoever, and averred that the item of May 15, 1933, in the amount of $150, the item of February 15, 1932, in

the amount of $1,250, and $200 of the item of October 13, 1932, in the amount of $250, were gifts by plaintiff to defendants, and that the other sums were neither loans nor gifts. Defendants set up a counterclaim in which they averred that the plaintiff was indebted on a quantum meruit to the defendants for room and board in the sum of $1,929, with interest from December 15, 1931. Plaintiff filed a reply to defendants' counterclaim in which he denied that he was indebted to defendants for room and board, and averred that he went to live with defendants on December 15, 1929, at their solicitation and request, and that, for the performance of miscellaneous duties in connection with their store and residence, plaintiff was to be furnished his room and board.

Plaintiff, at the time of trial, was 92 years of age and unable to read or write. He came to live with defendants on December 15, 1929, and resided with them until December, 1933. Both before and after he came to defendants' home he worked at a country club. Plaintiff testified that previous to December 15, 1929, he had given Mary Del Pizzo, one of the defendants, various sums of money, from time to time, to be retained for him and returned at his request, and that the amount in her possession at the time of suit and trial was $150. This defendant admitted that she had at one time $100 which belonged to plaintiff, but stated that she had returned it to him or accounted to him for it.

Plaintiff testified that on December 30, 1931, he made a loan to the defendants in the amount of $200, and his bank account showed a withdrawal of that amount on that day. Wife defendant testified that this was not a loan, but that the money was used by her to pay plaintiff's hospital and doctor bills. Relative to the $150 item on May 15, 1933, she testified that this

sum must have been received, and might have been used by her for the personal needs of plaintiff.

In addition to the foregoing sums, plaintiff testified that defendants had obtained a total of $1,600 from his bank account without his knowledge. As to $100 of this amount, withdrawn January 20, 1932, wife defendant testified that it was used to pay hospital expenses, doctor bills, and other debts of plaintiff. Concerning $1,250 thereof, it appeared that on February 15, 1932, plaintiff's bank account was changed to the name of plaintiff, in trust for Mary M. Del Pizzo, one of the defendants; the balance at that time being $2,075.80. Thereafter Mrs. Del Pizzo had possession of plaintiff's bank book. On the same day, and previous to the transfer of the account, this sum of $1,250 was withdrawn therefrom by check, and used to pay the balance of a $1,500 note of the defendants, for which plaintiff had given his collateral note. These notes were held by the City Deposit Bank & Trust Company, of Pittsburgh, Pa., which was the bank in which plaintiff carried his account. The check involved in this transaction, as well as all others, was signed with what appeared to be plaintiff's mark. Defendants admit that this sum of $1,250 was used to liquidate the balance of their obligation to the bank, but testified that plaintiff had agreed verbally to pay them room and board at the rate of $40 per month, and that this sum of $1,250 was to be credited against plaintiff's obligation to them for such room and board as had then accrued. On the other hand, plaintiff denied that he was obligated to defendants for the payment of any board, and testified as to the arrangement whereby he came to live with defendants, and that his board and room were to be furnished in consideration for the services which he performed about their store and residence. As to the remaining item of $250, withdrawn from plaintiff's account on October 13, 1932, defendants

testified that $200 thereof had been given to them by plaintiff toward the purchase of an automobile, and the balance of $50 was used to pay various expenses and obligations of the plaintiff.

Several witnesses corroborated plaintiff as to the services which he performed about the store and residence of defendants. There was testimony to the effect that plaintiff signed the checks for the withdrawals from his account and knew the nature of the transactions. There was also testimony on behalf of plaintiff to the effect that Mrs. Del Pizzo admitted that she had made loans from the plaintiff in various sums and which she intended to repay. It does not appear that demand was ever made on plaintiff to pay for his room and board during the four years he resided with defendants.

After trial the jury found for plaintiff in the sum of $1,500. Defendants filed motions for judgment n. o. v. and new trial. At the argument before the court below, the motion for new trial was refused, and motion for judgment n. o. v. was abandoned. Defendants have appealed.

We shall first consider appellants' third assignment of error complaining of the refusal of their motion for a new trial, as that was the motion pressed in the court below, and assignments of error 4 to 9 relating thereto. Appellants' fourth, fifth, and ninth assignments of error relate to the admission of evidence. The fourth assignment complains that the court erred in permitting plaintiff to testify how much of his money appellants had taken out of the bank. His answer to one such question was as follows: "I had $4,000.00 in the bank and I found that this money was wasted and I don't know how much they took." Other testimony of plaintiff was specific. Appellants were not harmed by this answer, and "unless an objecting party is harmed by what he complains of, there is no ground for a new

trial": *Cooper v. Metropolitan Life Ins. Co.*, 323 Pa. 295, at page 301, 186 A. 125, at page 128. The fifth assignment relates to the admission of the bank statements showing plaintiff's bank account. These were received for the sole purpose of showing the deposits, withdrawals, and amounts indicated by the checks which were offered in evidence. Under this ruling of the trial judge, there is no merit in appellants' complaint. The ninth assignment complains of the admission of the following testimony: "Q. Did that constitute his daily work? Objected to as leading. Objection overruled. Exception noted. Q. Is that what he did each day? A. Yes." This assignment is also overruled, as the scope and use of leading questions must be largely entrusted to the discretion of the trial judge. *Commonwealth v. Bruno*, 316 Pa. 394, 403, 175 A. 518, 521.

Appellants further contend that the charge of the court was basically and fundamentally erroneous, in failing to give the jury any standard of proof by which to establish fraud, and in failing to instruct the jury as to the quantum of evidence required to establish fraud. The trial judge properly charged that the burden of proof was on the plaintiff to prove his case by the fair weight or preponderance of the evidence. This was sufficient under the facts in this case. The pleadings and the testimony required nothing more on the part of the trial judge, and no greater burden than that set forth in the court's charge devolved upon plaintiff. The authorities cited by appellants to sustain this contention are not in point. Most of them, for example, *Broida, to use, v. Travelers Ins. Co.*, 316 Pa. 444, 175 A. 492, relate to the proof required to reform or set aside a written instrument. Although requested by the trial judge to do so, counsel for appellants offered no suggestions at the conclusion of the charge of the court, and took only a general exception thereto.

Although appellants abandoned their motion for judgment n.o.v. at the argument before the court below, we shall consider their assignment of error relating to the refusal of a point for binding instructions in their favor. See *Farne v. Pennsylvania Lighting Co.,* 275 Pa. 444, 448, 119 A. 537, 538. It would serve no useful purpose to review the testimony in greater detail than already has been done. It was contradictory, and portions thereof could not be reconciled. In arriving at their verdict, the jury apparently believed that the plaintiff was entitled to recover the item of October 13, 1932, in the amount of $250 ($200 of which appellants admit was used to pay for an automobile purchased by them), and the payment of February 15, 1932, in the amount of $1,250, which appellants admit paid off the balance of their bank loan. The case was clearly for the jury, and the issues were properly submitted in a comprehensive and adequate charge. It is sufficient to say that, in our opinion, the evidence sustains the verdict, and that the record contains no reversible error. The assignments of error are overruled.

Judgment is affirmed.