Harkinson, Appellant, *v.* Pennsylvania Company for Insurances on Lives and Granting Annuities.

Argued January 25, 1938. Before MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Earle Hepburn,* for appellant.

*Earl G. Harrison,* with him *Edmund R. Finegan* and *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY MR. JUSTICE STERN, March 21, 1938:

Defendant, as trustee, held mortgages on properties 411-413 South 42nd Street, Philadelphia. Acquiring title by foreclosure in 1931, it leased the premises to a Mrs. Nolen, the former owner, who had operated them as an apartment house; she continued to rent out the rooms as furnished apartments, having leased the furniture from plaintiff. In November, 1933, she defaulted in the payment of the rent, and was obliged to surrender possession to defendant. The tenants were not disturbed by defendant in their occupancy. As each apartment became vacant defendant placed the furniture in the basement and thereafter rented the apartment unfurnished.

Plaintiff brought the present action in assumpsit to recover the value of his furniture. He claimed that when defendant took possession of the premises it orally agreed, through one Stinson as its agent, with Mrs. Nolen, acting on behalf of plaintiff, that the furniture should remain in the apartments until June, 1934, that defendant meanwhile would keep it in good condition

and repair, make all necessary replacements, and allow plaintiff to remove it at that time, that when Mrs. Nolen, in accordance with this arrangement, requested of Stinson the return of the furniture, he refused to surrender that which was in the apartments still under the subleases, offering to return only that which had been placed in the basement, but which was in such a damaged and worthless condition that plaintiff declined to accept it. The jury found for defendant. Plaintiff's present appeal rests upon alleged errors of the trial judge in his charge and in the exclusion of certain testimony.

The first assignment complains that the court instructed the jury that defendant as mortgage creditor had the legal right to levy on the furniture, and that this fact might be important in deciding whether defendant had refused to deliver the furniture on plaintiff's demand. While this charge was technically inaccurate, since defendant's only right was to distrain for the unpaid rent in its capacity as lessor, the trial judge was justified in suggesting for the consideration of the jury that defendant could have had no motive in illegally appropriating the furniture instead of acquiring it by legal process.

The second assignment deals with the court's statement to the jury that there was no evidence Stinson acted within the scope of his authority in making the alleged contract with Mrs. Nolen. Stinson, called as plaintiff's witness, testified he did not make any such agreement, but that, in any event, he was merely the secretary and treasurer of F. A. Bond, Inc., which had been appointed by defendant as agent for the collection of the rent; he denied that he was a "manager" or had any general authority in regard to the premises. It is true the head of defendant's rental department testified that F. A. Bond, Inc., had the management and supervision of the building, but the generality of this statement was later restricted by the witness, and it is clear from the

record that Stinson had no authority to acquire the furniture or involve defendant in any obligation concerning it. Nor did defendant, by receiving possession of the furniture, ratify the alleged agreement, there being no evidence that such a contract was ever brought to its attention and that it refused to return the furniture with knowledge thereof.

The third assignment complains of the trial judge telling the jury there was doubt whether the furniture was ever actually in defendant's possession. When defendant took over the building the furniture was in the apartments occupied by the tenants; defendant did not acquire actual possession until the various subleases expired, and then it immediately placed the furniture in the basement for the owner. The jury could scarcely have been misled by the court's statement, especially as defendant did not deny that it had possession, subject to the subleases.

The fourth assignment relates to the exclusion of the testimony of a witness who claimed to be present when the agreement between Mrs. Nolen and Stinson was made. Stinson's authority to make the contract not being proved, and defendant therefore not being bound by it, there is no merit in this assignment.

While not assigned as error, plaintiff, in his argument, raises the additional complaint that the trial judge erred, both in his rulings on evidence and in his charge, regarding the proper rule for the ascertainment of the value of the furniture as fixing the measure of damages. While mistakes on this subject may have been made they are unimportant in view of the verdict for defendant.

Although the basis of plaintiff's claim was the agreement said to have been entered into between Stinson and Mrs. Nolen, the court presented the case to the jury also on the theory of a tortious conversion of the furniture. On this aspect of the controversy there was evidence on the part of defendant that no demand was ever made

upon it to surrender the furniture, that it was ready at all times to return it to plaintiff, and that it took and retained possession only at the request of Mrs. Nolen for the temporary accommodation of the owner. This testimony created issues of fact which were determined by the verdict.

Judgment affirmed.