Renner et al., Appellants, *v.* Sentle et al.

October 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*John E. Evans, Sr.,* of *Evans, Evans & Spinelli,* for appellants.

*George Y. Meyer,* for appellees.

OPINION BY KENWORTHEY, J., January 28, 1943:

The action is by husband and wife to recover damages for personal injuries sustained by the wife. The verdicts were $350 for the wife and $300 for the hus-

band. They appeal from the refusal of their motion for new trial. They complain that the trial judge erroneously instructed the jury to reduce to its present worth any allowance to the wife for future pain and suffering and any allowance to the husband for future loss of the wife's society, services and companionship. They contend these erroneous instructions are responsible for their inadequate verdicts.

It is well settled that: "Present worth does not apply to damages awarded for future pain, suffering and inconveniences: *Hunter v. Pope*, 289 Pa. 560, 137 A. 731, and cases there cited ...... Damages for expected medical expenses and for future pain and suffering are entirely different from damages for loss of future earnings, which, of course, must be reduced to present worth." *Yost v. West Penn Railways Company*, 336 Pa. 407, 410, 9 A. (2d) 368; see also *O'Hara v. Scranton*, 342 Pa. 137, 139, 19 A. (2d) 114. Probably the present worth rule should likewise not be extended to apply to damages for loss of the wife's society, services and companionship.

But we agree with the court below that the size of the verdicts conclusively demonstrates that the jury awarded nothing for future losses of any kind and that, therefore, the erroneous instructions relative to future losses were harmless.

The accident happened on June 1, 1940 and the trial took place nearly two years later, in April, 1942. The automobile which the wife was operating was struck in the rear by a truck owned by one of the defendants. Objectively she suffered no injury, although she testified that immediately after the accident she found herself on the floor dazed with her neck hurting her. She testified she suffered acute pain for about six months after the accident and intermittently up to the time of trial; that immediately after the accident she developed eye trouble; and pain in her left shoulder and

arm, which persisted up to the trial, interfered with the performance of household duties, working in the garden and driving a car. One of the physicians diagnosed the condition as a hemorrhage of the spinal cord and a fracture of the clavicle. Another physician failed to confirm the diagnosis of a fracture of the clavicle and was of the opinion that the accident had produced a "concussion syndrome." An X-ray expert appointed by the trial court stated that he was unable to find any evidence of a fracture of the clavicle or of any injury to the spinal column, but found the presence of old bony deposits predating the accident which might cause a stiff neck. Another physician called by defendant testified that in his opinion there was no injury to the clavicle nor symptoms of any injury to the spinal cord. He testified that the only symptoms he found that were due to the accident were sprain or contusions of the muscles of the neck and shoulders; in his opinion, they had cleared up some time before the trial.

That the jury accepted the defendant's evidence and that of the impartial expert and made no allowance whatever for future losses is too clear to permit argument. The doctors' bills alone amounted to $280 which would indicate that the verdict for the husband allowed virtually nothing for *past* loss of the wife's society, services and companionship; clearly it included no allowance for *future* loss. Likewise, the verdict of $350 for the wife was modest enough compensation for her pain and suffering up to the time of trial and could not possibly include any prospective element. As we said in *Kerns v. Ripka*, 85 Pa. Superior Ct. 97, 99: "Manifestly no allowance was made by the jury either for pain or suffering or loss of future earnings. Therefore, we do not see how the error complained of did the defendant any harm. We do not reverse unless some substantial injury probably resulted from the error

committed. We are clearly of the opinion that we ought not to disturb the judgment." See also, *Boley & Boley v. Glassport Bor.*, 91 Pa. Superior Ct. 247, 251, 252.

If the present verdicts are considered inadequate, that is so because the jury rejected the medical testimony offered by plaintiffs; to say that future damages were intended to be included but were rendered inadequate by the erroneous instructions would be to negative the obvious conclusion of the jury and usurp its function of adopting as true the testimony it may choose.

The assignments are overruled and judgment affirmed.