## Stady *v.* Martocello, Appellant.

Argued December 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent.)

*William Cohen,* for appellant.

*Victor Frey,* with him *Philip A. Campbell,* and *Frey & Campbell,* for appellee.

OPINION BY KELLER, P. J.:

This appeal is governed in principle by the recent decision of the Supreme Court in *Hughes v. Babcock,* 349 Pa. 475, 37 A. 2d 551. Pursuant to it, the judgment on the verdict, as reduced by the court in banc, will be affirmed.

The stories told by the plaintiff and defendant respectively were diametrically opposed. As the jury adopted the version given by the plaintiff, we accept it as the correct one.

Plaintiff had a claim for personal services against the defendant amounting to $75. He had written to him without receiving any reply. He called at defendant's place of business on July 19, 1943 to see him about it. Defendant asked him what he was after, to which he replied, "You know very well, Mr. Martocello, what I am after, to collect my money for personal services in January and February". Defendant left the office by a passageway that led into the warehouse and was followed by plaintiff. Defendant then said, "Get back to my desk. I will talk to you at my desk in a few minutes." Plaintiff returned to defendant's desk and waited there until defendant returned and then said, "I want to talk to you". Defendant said, "Get an at-

torney." Plaintiff said, "I do not need an attorney. I am talking to you as man to man". Defendant left the office and sent in a Mr. Fisher, who said, "Mr. Martocello wants you to write a letter". Plaintiff said, "I have written Mr. Martocello a letter. I want to *talk* to him now". While he was standing there at a wicket, or small gate, Mr. Martocello came back to the room— but on the other side of the wicket—and said, "What! Are you still here?" To which plaintiff replied, "Yes, what are you going to do? When am I going to get paid?" Defendant then said, "I am not going to pay you a cent, and you will like it. Now get out! Get out!"

Plaintiff's testimony continued:

"I said, 'I am here on business, Mr. Martocello.' I was still on the outside of the wicket, within a foot or two of the door. He repeated his injunction to get out of here, and at that moment, through the little wicket gate, he came, and ripped off his glasses, and made a dive and pinned me around the waist. I brought my arm up against his neck for some resistance, but I did not strike him or touch him in any other way. He pulled me over the threshold, I lost my balance, and I was thrown down in this wedge shaped threshold of the entrance, with the door leading into his office, and the door in the center of the passageway leading into his living apartment, and the door to the other side, a similar door, leading into a space which was used as a warehouse, and at that time that door was open, and I was thrown down on my back, hitting the threshold of that entrance, and as I went down Mr. Martocello sank his thumbs into my throat, and in no mean manner, to choke me vigorously, so I was unable to do anything in the way of resistance, especially being held down and choked, which kept up for some time, until Mr. Fisher and Mr. Rodo came out of the office and pulled him off."

Plaintiff received injuries to his back just below his shoulder blades, which were very painful, and had a

stiff neck, where marks caused by the defendant's hands showed, and he was treated by an osteopathic physician for misalignment of his vertebrae for a number of months (12 visits) and continued to have pain there, off and on, until the end of the year.

The jury's verdict of $500 in plaintiff's favor was reduced by the court to $300, on which judgment was entered.

The charge of the court fairly presented the issues to the jury from both points of view, and they were instructed, in effect, that if they believed the defendant's testimony, the plaintiff could not recover. (*Robinson v. Powell,* 210 Pa. 232, 244, 59 A. 1078). The defendant's points were refused because they were argumentative; and, we might add, because as to some of them, they assumed the existence of facts which were disputed (*Braden v. Cook,* 18 Pa. Superior Ct. 156), and, as to others, because unless qualified, they did not accurately state the law. The court is not bound to correct or restate points that are not strictly accurate as drawn.

The instructions as to punitive damages do not contain reversible error. However, that matter is really not involved on this appeal. The jury in its verdict made no separate award for punitive damages, and $300 does not appear to be excessive by way of compensatory damages for the plaintiff's pain and suffering and his physician's bill.

The case of *Sloan v. Schomaker,* 136 Pa. 382, 20 A. 525, relied on by appellant, is so different in its facts that it is not applicable to this case.

Judgment affirmed.

PER CURIAM, January 25, 1945:

The foregoing opinion had been prepared by President Judge KELLER before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.