## Rohland, Appellant, *v.* Nagy.

Argued November 23, 1951. Before DREW, C. J. STERN, STEARNE, LADNER and CHIDSEY, JJ.

*Edmund R. Finegan,* with him *Merrill W. Linn* and *Saul, Ewing, Remick & Saul,* for appellant.

*W. Roger Fetter,* with him *William L. Showers,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1952:

Plaintiff, a building contractor in Lewisburg, Pa., sought to recover on a mechanics' lien the balance which

he claimed to be due him from defendants for building their house. He appeals from a verdict of the jury for defendants, complaining of the inadequacy of the charge.

The basic dispute between the parties concerns the nature and terms of an oral contract for construction of defendants' dwelling. Plaintiff testified that, following his usual practice, he agreed to supply the materials and labor for which defendants agreed to pay plaintiff's cost plus ten percent. Defendants insist that they promised only to pay plaintiff a flat price of $13,000. Defendants made five monthly payments as the work progressed, but testified that these were payments on account of the total contract price and not in response to plaintiff's bills for cost plus ten percent. After defendants had advanced $11,500, plaintiff presented a bill for an additional $6,671.09, which defendants refused to pay because their total payments would then have exceeded what they allege was the agreed contract price. When plaintiff refused to continue with the work until payment was made, defendants hired other contractors to complete their house at an additional cost to them of $3,334.92.

Plaintiff thereupon filed his mechanics' lien and issued a writ of scire facias, claiming the $6,671.09 balance. Defendants answered, admitting an unpaid balance of $1,500 on a $13,000 contract, but counterclaiming for the $3,334.92 which they had paid to others to complete the house. The jury returned a verdict for defendants but awarded no money damages. This appeal questions only the adequacy of the instructions to the jury.

Plaintiff took but one specific exception. He complained of the refusal of the trial judge to charge that a defendant cannot recover a personal judgment on a *counter-claim* against a plaintiff in a mechanics' lien

proceeding, since such a proceeding is in the nature of an action in rem. He concedes, however, that a *set-off* is permissible: Act of June 4, 1901, P. L. 431, sec. 36, 49 PS sec. 157: "In addition to the defenses growing out of the insufficiency of the claim itself, or of the proof of the facts necessary to sustain it as a claim against the structure or other improvement, any defense which would defeat the action were it a personal one against the contractor to recover for the particular work or materials required to be done or furnished under the contract of the owner, or which shows that the claim was intentionally filed for a grossly excessive amount, shall wholly defeat the claim; and proof that the work in certain particulars was not in accordance with that contract shall defeat it pro tanto. Minor defects, or a failure to complete in minor particulars, shall operate as a defense only to the extent necessary to repair or complete the work." It is therefore unnecessary for us to decide whether defendants could have been permitted to recover a money judgment against plaintiff. No such verdict was here rendered. All that was allowed defendants was the cancellation of plaintiff's claim. This is conceded to be permissible. Assuming, therefore, that the charge of the court below was inaccurate insofar as it related to counter-claim, such error was not reflected in the jury's verdict and will not justify reversal: *Leonhardt v. Green,* 251 Pa. 579, 581, 96 A. 1096; *Gallagher et al. v. Hildebrand,* 285 Pa. 350, 132 A. 174; *Harkinson v. Pennsylvania Company for Insurances on Lives and Granting Annuities,* 329 Pa. 209, 198 A. 11; *Harman et ux. v. Chambers,* 358 Pa. 516, 522, 57 A. 2d 842.

Plaintiff's only other complaint is asserted under a general exception to the charge. It is answered by similar reasoning. It may be true that the charge of the court below was incomplete in some particulars.

Certainly it would have been more desirable for the court, in explaining the various verdicts possible under the evidence, to have made clear to the jury the findings of fact which would have justified each of the several verdicts. The court gave no indication at all of the circumstances under which the verdict actually returned (for defendants, no money) would be proper. Nevertheless, at the beginning of his charge, the trial judge did make perfectly clear the basic issue in the case. The verdict is an acceptance by the jury of defendants' testimony that the contract was for $13,000 only. Having so decided in defendants' favor this fundamental question, it follows as a necessary conclusion that defendants' refusal to pay plaintiff's bill would not justify plaintiff in discontinuing the work. The only issue, therefore, left for the jury was the amount, if any, to be awarded defendants on account of the expenses incurred by them in finishing the house. Having accepted defendants' testimony, it may at first appear inconsistent that the jury chose not to allow defendants the full amount of their counter-claim. But *plaintiff* was not harmed by this. It is not a sufficient reason for granting plaintiff a new trial merely because the jury found for defendants and denied their counter-claim—especially when defendants have not appealed and make no complaint.

It is our conclusion, therefore, that while the charge of the court below may have been deficient in some particulars in failing to amplify more fully his remarks on the measure of damages, the verdict rendered indicates that such deficiency was harmless. *The reasonableness of the verdict is demonstrated by the fact that the jury allowed defendants exactly what they were entitled to under the theory advanced by plaintiff concerning the allowance of a setoff in mechanics' lien proceedings.* The controlling issue, which was peculiarly one

for the jury to decide, was submitted to them under sufficiently appropriate instructions, and we will not disturb the verdict for error which did not prejudice plaintiff: *Santercangelo v. Del Pizzo et ux.*, 127 Pa. Superior Ct. 304, 193 A. 280; *Renner et al., v. Sentle et al.*, 151 Pa. Superior Ct. 231, 30 A. 2d 220; *Stady v. Martocello*, 156 Pa. Superior Ct. 493, 40 A. 2d 694.

The plaintiff's present complaint is not over anything the court said but, rather, what it did not say,— at most, a negative fault not amounting to reversible error in the absence of an ignored request for instructions in cognate regard: *Harman et ux. v. Chambers*, 358 Pa. 516, 521, 57 A. 2d 842.

The errors complained of in the charge were all errors of *omission*, which could have been corrected at the time of trial by a request for further instructions. Counsel for plaintiff submitted no written points for charge and took specific exception only to the charge concerning defendants' counter-claim. It is a familiar rule that counsel will not be permitted to remain silent at trial, taking his chances on a favorable verdict, and after verdict complain of errors which could have been corrected by a timely request at trial: *Dupont v. Gallagher*, 360 Pa. 419, 423, 62 A. 2d 28.

Judgment affirmed.