## Thomas G. Carey, Appellant, *v.* Bridget A. Buckley.

*Practice, C. P.—Trial—Refusal to answer points.*

It is entirely within the discretion of the trial judge to refuse to read points to the jury, but to state the law to them in his own terms.

*Mortgage—Failure of consideration—Evidence.*

On a scire facias sur mortgage for $2,500, where the defendant alleges and the plaintiff admits that only $1,000 was paid to defendant, but the plaintiff avers that the remaining $1,500 was to be applied to the payment of a debt of defendant's brother, and this is denied by the defendant, and the evidence is absolutely contradictory as to whether the mortgage was read to defendant at the time of its execution, the case is for the jury, and a verdict and judgment for merely the amount which the defendant actually received will be sustained.

Argued March 23, 1899. Appeal, No. 33, Jan. T., 1899, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 1100, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Scire facias sur mortgage. Before BRÉGY, J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were refusal of various points and portion of charge sufficiently set forth in the opinion of the Supreme Court.

*Samuel Gustine Thompson,* with him *Robert D. Maxwell,* for appellant, cited Hoffman v. R. R. Co., 157 Pa. 195; West Branch Ry. Co. v. Swank, 105 Pa. 561; Penna. R. Co. v. Shay, 82 Pa. 198; Phillips v. Meily, 106 Pa. 544; Brawdy v. Brawdy, 7 Pa. 157; Mifflin Co. N. Bank v. Thompson, 144 Pa. 397; Reilly v. Daly, 159 Pa. 611.

*J. Washington Logue,* for appellee, cited Patterson v. Kountz, 63 Pa. 246; Kroegher v. McConway & Torley Co., 149 Pa.

444; Bishop v. Goodhart, 135 Pa. 374; Nichols v. Nichols, 25 W. N. C. 506; Byers v. Mullen, 9 Watts, 267; Watson v. Blaine, 12 S. & R. 131; Hamilton v. McGuire, 3 S. & R. 354; Earnest v. Hoskins, 100 Pa. 551; Dick v. Milligan, 44 Leg. Int. 123; McNeile v. Cridland, 168 Pa. 17; Morgan's Appeal, 126 Pa. 500; Saalfield v. Manrow, 165 Pa. 114; Conmey v. McFarlane, 97 Pa. 361; Penna. R. Co.'s App., 86 Pa. 80; Sergeant v. Martin, 133 Pa. 122.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1899:

The plaintiff presented seven points for charge but the judge without reading them to the jury declined to affirm them, preferring to state the law to the jury in his own terms. This was entirely within his discretion, and appellant "has no cause of complaint if the charge contained nothing erroneous, and omitted nothing favorable to him which the points properly called for:" Kroegher v. McConway Co., 149 Pa. 444.

To determine these questions we must look at the issue and the course of the trial. Appellant sued on a mortgage for $2,500, put the mortgage in evidence and rested. Defendant admitted signing the mortgage, but denied having read it or knowing how much it was for, and asserted that its sole purpose was to take up a prior mortgage for $1,000 bearing a higher rate of interest, and that that amount was all that she had ever received upon it. Plaintiff then being called by defendant as upon cross-examination admitted that $1,000 to take up the prior mortgage was all the money he had advanced, and claimed that the additional $1,500 in the mortgage was to pay a debt due him by Patrick Buckley, defendant's brother. Defendant denied any authorization or knowledge that any such debt was included in the mortgage, and this was the issue in the case. The plaintiff treated it as solely an issue of fraud in the making of the mortgage, and framed his points accordingly, but the judge regarded it as mainly a question of partial failure of consideration, though incidentally involving the question of fraud or imposition by Patrick Buckley on his sister, or on the plaintiff, or perhaps both. No witnesses were examined except the parties, neither the brother nor the conveyancer or notary at whose office the mortgage was executed, being called. There was no proof that defendant had authorized the debt to

be included in the mortgage, plaintiff admitting that he had never had any conversation with her on the subject, but had relied on what the brother had told him. He however testified that the mortgage and bond were read by the notary to defendant and himself and also a written statement which was put in evidence, showing the disposition of the $2,500 in the mortgage, i. e., $1,000 to pay off prior mortgage and $1,500 to be a credit on Patrick Buckley's debt to plaintiff. Defendant denied having heard the bond or mortgage read, and all knowledge of the statement either by hearing or seeing it. This was really the only disputed point on which the case would turn.

The judge charged the jury in emphatic terms that the defendant being able to read, and having signed the mortgage for $2,500, could not now reduce it to $1,000 on her own testimony alone. Then referring to the admission that only $1,000 was paid by plaintiff, he continued: " Now, did Mr. Carey give her $2,500 for it? He gave her $1,000, and he gave her the other $1,500 if she acquiesced in that payment of her brother's account. If she did not acquiesce in it, why, then it is not chargeable to her. In other words, if she chose to give a mortgage of $2,500, which was to pay for a prior mortgage of $900 or $1,000, leaving $1,500, and agreed that that should go towards paying her brother's debt, she must be held by it. She cannot get out of it now, and as it is admitted she did not get the money, the question then turns upon the fact, did she know and did she acquiesce in the agreement that the remaining $1,500 should go to pay the debt due by her brother? If she did, the mortgage is good for the whole $2,500, and if she did not, it is not good for the balance." He then called the jury's attention to the only evidence that she knew of the brother's debt being included was the reading of the statement in her presence, and said : " The question comes down to the fact was the paper read to her? If it was not, she is not bound by it ; if it was, she is bound for $2,500 with interest." This was practically bringing the minds of the jurors to the only disputed question that they were to settle. The law had been correctly stated to them, and the admitted facts brought to their attention in their proper connection. The case as it stood on the evidence was correctly presented to the jury, and the appellant has no just cause of complaint. The points which were not covered by the general

charge were so exclusively based on the technical rule as to proof of fraud to avoid a written instrument that they could not have been affirmed as applicable to the case as it had to go to the jury.

Judgment affirmed.