## Brillinger *v.* Northern Central Railway Company, Appellant.

*Negligence—Railroads—Loss by fire—Sparks—Evidence.*

1. In an action against a railroad company to recover for loss by fire, from sparks, the case is for the jury, where there is testimony tending to show that a few minutes before the fire was discovered the defendant ran an engine on a siding within a few feet of plaintiff's building and because of the engineer's carelessness, sparks of a size too large to escape through a proper spark arrester were thrown upon the building, setting it on fire.

*Practice, C. P.—Appeals—Variance—Allegata and probata.*

2. After a trial on its merits a judgment will not be reversed because of a variance which was not questioned at the trial, and which did the defendant no harm and could have been cured by amendment if attention had been called to it.

Argued May 17, 1910. Appeal, No. 6, Jan. T., 1910, by defendant, from judgment of C. P. York Co., Aug. T., 1908, No. 73, on verdict for plaintiffs in case of Horace Brillinger and Robert F. Swartz, trading as Brillinger & Swartz, for their own use and the use of the Spring Garden Mutual Fire Insurance Company et al., v. Northern Central Railway Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for damages resulting from a fire. Before WANNER, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* among others was refusal to give binding instructions for defendant.

*Richard E. Cochran,* with him *Smyser Williams,* for appellant.

*Allen C. Wiest,* with him *J. W. Gitt,* for appellees.

PER CURIAM, July 1, 1910:

This was an action to recover for the loss of merchandise destroyed by fire alleged to have been caused by sparks and cinders negligently permitted to escape from the smokestack of the defendant's engine. The main contention in behalf of the appellant is that there was no adequate proof of negligence. There was testimony tending to show that a few minutes before the fire was discovered, the defendant ran an engine on a siding that was within a few feet of the plaintiff's building and because of the careless manner in which it was managed by the engineer, sparks and cinders, unusual in size and quantity, were thrown out against the side and over the top of the building, and that sparks and hot cinders of the size thrown from the smokestack could not have passed through a spark arrester that was properly constructed and in proper condition. This testimony made out a case for the jury both as to the origin of the fire and the responsibility of the defendant therefor because of negligence in the operation and equipment of its engine: Byers v. B. & O. R. R. Co., 222 Pa. 547.

The objection that there was a variance between the pleadings and the evidence comes too late. The negligence alleged in the plaintiff's statement was that the engine was operated so carelessly as to cause unusual and unnecessary quantities of fire, hot cinders, etc., to be thrown from the smokestack. No defect in the engine was averred except inferentially, but the question of variance was not raised at the trial by specific objection to testimony on that ground or by request for charge, and the defendant made the defense that its engine was equipped with a proper spark arrester. After a trial on the merits a judgment will not be reversed because of a variance which did the defendant no harm and could have been cured by amendment if attention had been called to it. We find no merit in any of the assignments.

The judgment is affirmed.