## Simplex Steel Products Company *v.* Goleman, Appellant.

Argued October 17, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Edward Unterberger,* for appellant.

*Bernard Gekoski,* with him *Wexler & Weisman,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1939:

The plaintiff brought this action in assumpsit to recover a balance alleged to be due by defendant for cer-

tain steel frames, studs, channels, and pins used as a base for plaster board and known as the "Simplex System."

The defendant signed the following order addressed to the plaintiff:

"Gentlemen:

"Please enter our order for the Simplex System used on the Bennett Hall Apartments, Camac & Lindley Streets, for the Carroll Construction Co. to be shipped when notified to Vincent Prendeville, Tabor Station, Philadelphia, Pa. via Philadelphia & Reading Railroad.

"Very truly yours,

"QUAKER CITY SUPPLY COMPANY
"By Edward E. Goleman (Sgd.)
"Edward E. Goleman"

The plaintiff delivered the system to Prendeville, who accepted and used it, the price charged therefor being $3,080.70. The defendant was credited with certain returns and credits, leaving a balance of $1,088.14, with interest, for which this suit was brought.

The affidavit of defense admitted the execution of the above writing by the defendant and the delivery and acceptance of the material, but alleged that plaintiff sold the same to Prendeville and not to the defendant who was acting merely as an agent for the plaintiff in securing the order.

In the 23d paragraph of the counterclaim offered in evidence, defendant averred that pursuant to an oral agreement with plaintiff's sales representative, B. T. S. Roberts, he obtained the general contractor's approval of the Simplex System and that plaintiff orally agreed, through Roberts, to pay him ten per cent of the total net sale price, and accordingly claimed the sum of $308.07, "which sum is equal to ten per cent of the total net sales of all materials sold by plaintiff to said Vincent Prendeville, to wit: $3,080.70."

The plaintiff, in reply, denied that Roberts had authority to make or that he did make such an agreement in

its behalf, but conceded that Roberts, individually, and without its knowledge, agreed to share his commissions as an inducement to the defendant to enter into the contract.

The case was tried before the late Judge CRANE and a jury, and resulted in a verdict of $1,565.94 for the plaintiff, the amount of the claim and interest. Defendant appealed from the judgment entered thereon.

Plaintiff's evidence was to the effect that in June, 1930, Roberts, plaintiff's agent, talked to the defendant concerning the use of the Simplex System in the Bennett Hall Apartments, for which Prendeville was a plastering subcontractor. Defendant, a distributor of fireproofing and steel products, was selling Prendeville other construction material and Roberts quoted him prices on Simplex materials, and also informed him concerning the cost of their erection at this job.

On or about August 2, 1930, defendant executed the order and later the same month directed shipment of the material. Toward the end of October defendant delivered his own check to the order of plaintiff in the sum of $1,000, as payment on account of the sale. Prendeville subsequently died and defendant filed a claim against his estate for material he sold to him, which included the Simplex System. Defendant made an additional payment of $639.74, the amount, less attorney's fees, he had collected from the Prendeville estate.

The defendant made no effort whatever to prove that Roberts, as a subagent, had authority from the plaintiff to enter into a contract with defendant to secure an order on its behalf. He asserts that the order was insufficient to establish a contract, as no price, quantity, or terms were set forth therein. We recognize the general rule is that it is essential to a valid sale or contract to fix with reasonable certainty the price to be paid for the goods sold. But that rule, as most rules, is subject to certain qualifications as the parties may

impliedly agree to pay a reasonable or market price, or provide some method or criterion by which it can be ascertained. See 55 C. J. p. 68, §32. Section 9 of the Pennsylvania Sales Act of May 19, 1915, P. L. 543 (69 PS §81), provides: "The price may be fixed by the contract, or may be left to be fixed in such manner as may be agreed, or it may be determined by the course of dealing between the parties." Here, the price was to be determined by the amount of material required by the building plans, which were furnished later.

It is unnecessary, however, to discuss this question further as the defendant conceded when he sought to recover his ten per cent commissions that the value of the goods shipped and received was $3,080.70.

The defendant argues also that the proofs adduced at the trial failed to sustain the allegation in plaintiff's statement that the materials were shipped to Prendeville in accordance with defendant's *written* instructions as they established that the alleged directions to ship were given orally by Roberts.

There is no merit whatever to this position as the defendant's written order expressly embodied the instructions where and to whom to ship "when notified." Only the time when shipment was to be made was given orally, so that there was no variance in the proof and the averments in the statement that the material was furnished on defendant's written order; nor was any objection taken thereto at the trial. Alleged variance between allegata and probata must be raised at the trial. It is too late to raise any objection afterwards, especially if the variance is of a kind that could be cured by amending and if, as here, it did the defendant no harm: *Brillinger v. North. Cent. Ry. Co.*, 229 Pa. 182, 78 A. 88; *Tarentum Lumber Co. v. Marvin*, 61 Pa. Superior Ct. 294.

The appellant further complains of the trial judge's charging the jury as follows: "There is no dispute as to the figures between the plaintiff and the defendant

in this case." That statement is supported by the defendant's pleadings. We have already pointed out that the defendant admitted in his affidavit of defense that the fair and reasonable price for the materials was $3,080.70, and it was conceded in the statement of claim that the defendant had paid approximately $2,000, and that amount was not questioned by the defendant or included in the suit, which was to recover $1,088.14. We think the trial judge in his charge very clearly defined the real issue involved in this case, in saying: "...... the Court is going to invite your attention to the controlling issue of fact on which liability depends, and that is whether or not the building material was sold by the plaintiff to this particular defendant or was it sold to a man named Prendeville, who was a subcontractor in connection with the building of the Bennett Hall Apartment at Tabor Station, Philadelphia. As you resolve that issue of fact, your verdict will be either for the plaintiff or for the defendant."

The appellant makes some complaint to the judge's failure to answer specifically fifteen points submitted by him for charge. His refusal so to do does not require a reversal of this case. It is entirely within the discretion of a trial judge to deny reading points and answers thereto to the jury. If he states the law applicable to the case in his own language rather than adopt that of another, there is no just cause for complaint: *Kroegher v. The McConway, Etc., Co.,* 149 Pa. 444, 23 A. 341; *Carey v. Buckley,* 192 Pa. 276, 43 A. 1019.

We have discussed what we regard as the principal questions involved, although all the assignments of error have been considered. We find no reason to disturb the disposition made of this case in the court below.

Judgment is affirmed.