## Luscombe Engineering Company, Inc., v. Rolle Casting Company, Inc.

*High, Swartz, Flynn & Roberts,* for plaintiff.
*Smillie, Bean & Scirica,* for defendant.

DANNEHOWER, J., January 11, 1950.—This case comes before the court on preliminary objections to a

complaint in assumpsit brought for damages suffered by reason of defendant's failure to deliver goods ordered by plaintiff under a written contract.

On September 23, 1946, plaintiff ordered from defendant 1,000 cast aluminum horses' heads to be used in the manufacture of toys. On the purchase order the price was marked "approx. 1.25 ea." and there was also a notation, "Deliveries to start week of 9-23. Will advise weekly requirements." Defendant sent a written acknowledgment of the order to the plaintiff on same date, but made no mention of price or delivery schedule.

According to the complaint, "defendant failed and refused to make timely delivery of the horses heads" despite its knowledge that the toys were to be completed in time for the 1946 Christmas trade, and as a result plaintiff suffered damages totaling $10,536.16.

Defendant's preliminary objections are in two parts.

In the first, a motion is made for a more specific pleading (a) to require plaintiff to state how and in what manner defendant came to know the horses were to be completed for the 1946 Christmas toy season, and (b) to require plaintiff to state "in what manner, on what dates and by whom and to whom defendant was informed of plaintiff's weekly requirements for delivery under the alleged contract". The second objection is in the nature of a demurrer on the ground that the complaint fails to set forth consideration which is definite enough to support the contract.

We cannot agree with defendant's contention that plaintiff should be required to set forth how defendant was supposed to know the heads were wanted in time for the 1946 Christmas trade. Pa. R. C. P. 1019(*b*) provides that "Averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally." Moreover, plaintiff does not assert that *it* told defendant this fact—the averment is only that

defendant knew. There is no reason why an allegation of how defendant came to know should be required; it is evidence.

However, in our opinion, defendant is correct in maintaining that plaintiff should allege the details concerning the schedule of deliveries it requested. The purchase order and acknowledgment do not make up the entire contract between the parties, in view of the fact that it is stated on the purchase order that plaintiff would advise weekly requirements. Unless and until plaintiff made known those requirements to defendant in a proper way, defendant could hardly be charged with a breach for failing to deliver. It follows that the schedule given to defendant, either written or oral, is an important part of the contract and should be specifically set forth in the complaint, especially where failure to deliver on time is alleged. See McCormick v. Precision Foundry, Inc., 6 Lawrence 182 (1947) ; Galt, etc., v. Seaboard Construction Co., 62 D. & C. 379 (1948) ; 1 Williston on Sales 480; 17 C. J. S. 1174.

Defendant's position that the consideration in this bilateral contract is too indefinite and that the contract is therefore unenforcible cannot be sustained. A contract may be enforced even though no price is agreed upon, since the parties are considered to intend that a reasonable or market price is to be paid in such a circumstance. Section 9 of The Sales Act of May 19, 1915, P. L. 543, 69 PS §81, provides: "The price may be fixed by the contract, or may be left to be fixed in such manner as may be agreed, or it may be determined by the course of dealing between the parties."

See, also, Simplex Steel Products Co. v. Goleman, 134 Pa. Superior Ct. 305, 309 (1939). It follows that when the parties have agreed what approximates a reasonable price, the contract is not too indefinite to

be enforced even though that price has not been reduced to absolute rigidity.

And now, January 11, 1950, for the foregoing reasons, the preliminary objections are overruled, except as to Paragraph 6 of the complaint, which is sustained, and plaintiff is allowed 30 days from this date to file an amended pleading or new pleading which is more specific, stating if possible in what manner, on what dates and between whom the alleged weekly requirements for delivery under the alleged contract were made.